## STATE v. FRANK WONDRA.[1]

June 2, 1911.

Nos. 16,993—(4).

**Former conviction — bar to prosecution.**

    A former conviction of a minor offense is a bar to a prosecution for the same act charged as a higher crime, whenever the defendant, on trial of the latter, might be legally convicted of the former, had there been no other prosecution.

[1]Reported in 131 N. W. 496.

[Note] Former jeopardy in retrial on higher charge after setting aside verdict for lower charge, see notes in 5 L.R.A.(N.S.) 571; 22 L.R.A.(N.S.) 959.

Defendant was convicted in the municipal court of Le Sueur of the crime of assault. Thereafter defendant was indicted in the district court for Le Sueur county of the crime of maiming. On being arraigned he pleaded not guilty, and also pleaded that he had already been convicted of the offense charged in the indictment by the judgment of the municipal court, and that the alleged criminal act set forth in the indictment was the same alleged criminal act set forth in the municipal court complaint. The county attorney objected, and filed an answer that the state ought not to be precluded from prosecuting the indictment against defendant, because the judgment of conviction in the municipal court was obtained by fraud, in the absence of and without the knowledge of the prosecuting attorney for the county and state, and that the municipal court did not have jurisdiction of the offense by reason of the foregoing facts. At the trial before Morrison, J., the special plea was overruled and the objection of the state sustained. At the request of the defendant, the case was certified to this court to determine whether the special plea of defendant was a bar to the prosecution for the offense charged in the indictment. Reversed.

*George T. Simpson,* Attorney General, and *Francis J. Hanzel,* County Attorney, for the State.

*Ora J. Parker,* for defendant.

SIMPSON, J.

The defendant was indicted for the crime of maiming, committed on one Anton Durrenberger. He interposed the plea that he had been duly convicted of the same offense in the municipal court of the city of Le Sueur, in that he had been so convicted on the charge that he did "unlawfully strike, bruise, beat, and bite the said Anton Durrenberger;" this being the assault that caused the maiming charged in the indictment. The trial court determined that the offense charged in the indictment is a separate and distinct offense from the offense of which the defendant was convicted in the municipal court, and hence that the proceedings in the municipal court are not a bar to the prosecution of the defendant on the indictment,

and upon request of the defendant certified the case to this court for decision upon this question.

Section 5371, R. L. 1905, provides: "Upon an indictment for an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto; upon an indictment for any offense, the jury may find the defendant not guilty of the commission thereof, and guilty of an attempt to commit the same: upon an indictment for murder, if the jury shall find the defendant not guilty thereof, they may, upon the same indictment, find the defendant guilty of manslaughter in any degree. In all other cases, the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment."

An assault and battery is necessarily included in the commission of the crime of maiming. Under the above statute, a person may therefore, under an indictment charging the crime of maiming, be convicted of an assault. The defendant, by his plea, sets up a conviction of an assault and battery for the same acts as those set out in the indictment. Upon trial under this indictment, he might again be convicted of assault and again punished therefor. He would thus be twice in jeopardy of punishment for the same offense. Such a result is within the constitutional prohibition. The rule above stated for determining whether the same offense is involved in two separate indictments does not apply to an indictment charging a crime involving homicide.

Under the rule contended for by the state, a man might, because of one act, have two indictments returned against him, one for assault in the second degree and one for maiming, and he might be convicted of both offenses. Yet the third subdivision of the section of the statute defining assault in the second degree differs in little except name from the statute defining maiming. State v. Wiles, 26 Minn. 381, 4 N. W. 615, is decisive of this question. The test applied in that case to determine if the offenses involved were the same applies equally in this case.

People v. Defoor, 100 Cal. 150, 34 Pac. 642, is a case very like

this case. The defendant was there indicted for mayhem. He had been convicted of a simple assault involving the same acts. The California statutes defining mayhem and providing for conviction for lesser offenses are like the Minnesota statutes. After a full discussion of the authorities and the principles involved, the conclusion is announced that: "The defendant having been convicted for that offense [assault], he could not be prosecuted for mayhem committed during the same assault without violating the constitutional provision which protects him against being twice convicted of the same offense—a provision as important and to be as sacredly regarded as the right of trial by jury, or any other constitutional provision intended for the protection of the life, liberty, or property of a citizen."

Counsel for the state questions the sufficiency of the record in the municipal court to show a conviction for an assault and battery. The record, on its face, shows a valid conviction for such offense. The further suggestion is made that the conviction was fraudulently obtained. If such appears to be the fact upon the trial, such conviction will not be a bar to the prosecution under the indictment for maiming. We hold that a valid conviction for assault, not fraudulently obtained, would be a bar to a subsequent prosecution for a maiming caused by that assault.

The order overruling the special plea of the defendant is reversed.