## STATE OF CONNECTICUT *v.* MIKE MONTE.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued May 3—decided July 6, 1944.

*Leonard O. Ryan,* for the appellant (defendant).

*Thomas C. Flood,* state's attorney, for the appellee (state).

MALTBIE, C. J.   The defendant has appealed from a judgment entered on a verdict finding him guilty of an aggravated assault.   The information charged him with "making an assault upon Roger Birmingham with a deadly or dangerous weapon" in violation of § 6195 of the General Statutes.   He requested the trial court to charge the jury that under the information they might find him guilty as charged or guilty of simple assault, but the court refused to do so, instructing them that they must find him guilty of aggravated assault or not guilty.

The state claimed to have proved that the defendant struck Birmingham on the head with a heavy club, rendering him unconscious, while the defendant claimed to have proved that he merely pushed Birmingham, with the result that he fell and his head was injured by striking the bumper of an automobile. The trial court in its charge submitted to the jury as an issue of fact for their determination the question whether the club was a deadly or dangerous weapon. See *State* v. *Litman,* 106 Conn. 345, 353, 138 Atl. 132. Had they held that it was not, they might have found the defendant guilty of simple assault.   *State* v. *Wondra,* 114 Minn. 457, 459, 131 N. W. 496.   The situation falls squarely within the rule, supported by the decisions of many courts, that, if upon the evidence an accused can properly be found guilty of a lesser offense than that charged and the allegations of the information include the elements constituting the lesser offense, he is entitled to have the jury instructed as to it and charged that if they find proven only that

offense he is to be found guilty of it. *People* v. *Halliday*, 237 App. Div. 302, 261 N. Y. S. 342; *People* v. *Gilday*, 351 Ill. 11, 21, 183 N. E. 573; *State* v. *Buchan*, 219 Iowa 106, 257 N. W. 586; *State* v. *Johnson*, 184 Wash. 493, 494, 52 Pac. (2d) 317; 5 C. J. 799, § 349; 6 C. J. S. 1005, § 128d.

In *State* v. *Thomas*, 105 Conn. 757, 765, 136 Atl. 475, the defendant was informed against for the crime of robbery with violence, and the trial court, while it charged that he might be convicted of a number of lesser offenses, failed to include among them simple or aggravated assault; that was assigned as error; but we held that the omission was not harmful to the defendant because he was found guilty of the crime charged and that necessarily involved the offense of assault. We cited no authority in support of this conclusion and we have found no other case in which a similar decision was made. On the other hand, we have found no satisfactory statement of the reason which supports the rule so unanimously followed in other jurisdictions. From a legalistic standpoint much could be said against its validity. The jury is, however, a very practical means of securing justice. A verdict must in the end speak a conclusion to which each individual juryman gives his conscientious assent. It may not, however, represent the original views of some members, but may be the result of an open-minded discussion and an honest weighing of the opinion of others, in the consciousness that one should not be too sure of a personal judgment in which others who have heard the same evidence and have an equal desire to arrive at the truth do not concur. *State* v. *Smith*, 49 Conn. 376, 386; *Simmons* v. *Fish*, 210 Mass. 563, 571, 97 N. E. 102. In the effort of a jury to reach a verdict with which each member can conscientiously agree, the situation pre-

sented where the alternative is between finding a defendant guilty as charged or not guilty may be quite different from one where, under the charge of the court, they have the further choice of finding him guilty of some lesser offense embraced within the information. From the standpoint of the actual process by which juries arrive at verdicts, a failure to submit to them the lesser offense as a permissible basis for their verdict may work a very serious harm to the defendant. Upon careful consideration we have concluded that the ruling in *State* v. *Thomas,* supra, cannot be sustained and that in the situation before the court in this case an instruction which did not permit the jury to find the defendant guilty of simple assault cannot be regarded as harmless error.

The request to charge filed by the defendant cited no authority to support it as required by § 156 of the Practice Book, and when, before charging the jury, the court asked his counsel to cite such authority he replied that he was unable to do so. While the requirement that authority should be cited is undoubtedly salutary, we have never held that a failure to cite it is ground for refusing a request to charge. Indeed, we have repeatedly held that, in the absence of any request, a court is bound to submit to the jury matters which are necessarily involved in the disposition of a case or essential to a full and fair consideration of it. Conn. App. Proc., § 65. With certain exceptions stated in § 156 of the Practice Book as amended, "If no request be made that the court charge upon a certain point, and its attention be not called to that point in any way, and its failure to give instructions on that point occur through inadvertence, still the omission will be an error, if the omitted matter was essential to a legal consideration and disposition of the case by the jury." *Pietrycka* v.

*Simolan,* 98 Conn. 490, 499, 120 Atl. 310; *Riley* v. *Connecticut Co.,* 129 Conn. 554, 559, 29 Atl. (2d) 759. Of course this principle applies even more strongly where the attention of the court has been called to the matter, though informally. Notwithstanding counsel's inability to cite authority to support his request, the matter was one so important for a proper determination of the case from the standpoint of the defendant that we must find error in the failure to submit it to the jury.

There is no occasion to consider the defendant's other assignments of error or the application to rectify the appeal.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.