STATE v. ARTHUR J. SOBIECK.

216 N. W. 2d 832.

April 12, 1974—No. 43066.

*C. Paul Jones,* State Public Defender, and *David Essling,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Jonathan H. Morgan,* Solicitor General, and *Robert F. Carolan,* Special Assistant Attorney General, for respondent.

PER CURIAM.

Defendant, found guilty by a district court jury of felonious theft by check of property valued at more than $100, Minn. St. 609.52, subds. 2(3)(a) and 3(2), contends on this appeal from the judgment of conviction that he should be granted a new trial because of the trial court's failure to instruct on the lesser included misdemeanor of theft by check of property valued at less than $100, Minn. St. 609.52, subds. 2(3)(a) and 3(5). We affirm because defendant must be deemed to have waived his right to raise this issue by his failure at trial either to request such an instruction or to object to its absence.

Minn. St. 609.52, subd. 3(5), provides that in determining whether a defendant has taken property valued at more than $100 the value of all property taken by defendant within any 6-month period may be aggregated. In this case four checks were involved, in amounts of $50.10, $35, $37.31, and $24.95. The trial court instructed the jury that in order to find defendant guilty it had to find that all four checks were issued by defendant in violation of the statute. Defendant contends that the trial court should have given the jury another alternative, in addition to outright acquittal, specifically, that of finding him guilty only of the lesser included misdemeanor.

The rule is that a defendant may waive his right to have lesser included crimes submitted to the jury by his failure at trial either to request an instruction on them or to object to its absence. State v. Jordan, 272 Minn. 84, 86, 136 N. W. 2d 601, 604 (1965). In the instant case it is true that after the trial court concluded its instructions, defense counsel made the following statement:

"There's been an accumulation of four checks and the jury may find the defendant guilty of one or more without finding him guilty of all four; that in fact we're really trying four cases in one."

However, the meaning of this statement was not at all clear. If defense counsel was requesting an instruction on the lesser included misdemeanor or objecting to the absence of such an instruction, he did not make this known to the court. The trial court interpreted his statement as simply a request that it reemphasize to the jury that in order to find

defendant guilty the jury had to find that all four checks were issued in violation of the statute. Accordingly, the trial court responded by re-instructing the jury on this point as follows:

"Some question has been raised whether the Court made it clear to you that before you can find the defendant guilty of the offense with which he is charged you must find that all four checks were written under the ban of the statute which the Court read to you."

Defense counsel, aware of the trial court's interpretation of his statement, said nothing to suggest that the trial court had misinterpreted his statement. This leads us to believe that the trial court correctly interpreted the request. Under these circumstances we believe that defendant must be deemed to have waived his right to an instruction on the lesser included misdemeanor.

Affirmed.