State of Connecticut *v.* John Ciotti

House, C. J., Loiselle, Bogdanski, Longo and Speziale, Js.

Argued January 5—decision released February 28, 1978

*Walter H. Scanlon,* assistant state's attorney, with whom was *Bradford J. Ward,* assistant state's attorney, for the appellant (state).

*Gary L. Broder,* with whom, on the brief, was *James P. Caulfield,* for the appellee (defendant).

Per Curiam. The defendant was charged with committing the crime of rape in the first degree on or about May 19, 1973, in violation of § 53a-72 of the General Statutes,[1] and on a trial to a jury was

[1] At the time of the alleged offense in 1973, the following provisions of the General Statutes were in effect. Both sections have since been repealed:

"Sec. 53a-72. RAPE IN THE FIRST DEGREE: CLASS B FELONY. (a) A male is guilty of rape in the first degree when he engages in sexual intercourse with a female: (1) By forcible compulsion; or (2) who

found not guilty. Prior to the final arguments in the case, the state submitted a written request that the court charge the jury on the elements of rape in the second degree as a lesser included offense. The court refused the request and with the permission of the court the state appealed from the judgment. The sole issue on the appeal is whether the court erred in refusing to give a charge on rape in the second degree as a lesser offense included in the offense of rape in the first degree.

We have had recent occasion frequently to consider the circumstances under which the violation of a criminal statute is a lesser offense included in the violation of another offense. In *State* v. *Brown,* 163 Conn. 52, 61, 301 A.2d 547, we discussed the three approaches which courts have taken in making such a determination and concluded: "The test for determining whether one violation is a lesser included offense in another violation is whether it is possible to commit the greater offense, in the manner described in the information or bill of particulars, without having first committed the lesser. If it is possible, then the lesser violation is not an included crime. . . . In other words, to require an instruction on a lesser included offense, the lesser offense must not require any element which is not needed to commit the greater offense in the manner alleged in the information or bill of particulars." We have reaffirmed the application of this test in

is incapable of consent by reason of being physically helpless; or (3) who is less than fourteen years of age. . . ."

"Sec. 53a-74. RAPE IN THE SECOND DEGREE: CLASS C FELONY. (a) A male is guilty of rape in the second degree when: (1) he engages in sexual intercourse with a female who is incapable of consent by reason of some factor other than being less than sixteen years old; or (2) being eighteen years old or more, he engages in sexual intercourse with a female less than sixteen years old. . . ."

several cases, most recently in *State* v. *Neve,* 174 Conn. 142, 145, 384 A.2d 332; and *State* v. *Troynack,* 174 Conn. 89, 97, 384 A.2d 326. We are not convinced by the arguments of the state that any other test should be substituted for that approved in *State* v. *Brown,* supra, and thereafter followed consistently.

In the present case, there was no bill of particulars and the information was in short form, merely charging that on the date specified the defendant "did commit the crime of rape, 1st Deg., in violation of Sec. 53a-72 of the General Statutes." Applying the approved test, the inquiry must be whether it is possible to engage in sexual intercourse with a female by forcible compulsion in the manner described in the information without first being eighteen and engaging in sexual intercourse with a female less than sixteen. The obvious answer is in the affirmative. As the information gave no factual details as to the ages of the parties involved, and whether the male was less than eighteen or the female was sixteen or older, rape in the first degree as charged in the information could be committed without first committing rape in the second degree. The trial court, accordingly, properly refused to give the requested charge.

There is no error.