STATE OF CONNECTICUT *v.* ENRIQUE VASQUEZ

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued October 3—decision released November 14, 1978

*George N. Thim,* assistant public defender, with whom, on the brief, was *Herbert J. Bundock,* public defender, for the appellant (defendant).

*Eugene J. Callahan,* assistant state's attorney, with whom, on the brief, was *Donald A. Browne,* state's attorney, for the appellee (state).

COTTER, C. J. The defendant, Enrique Vasquez, has appealed from the judgment rendered on a jury verdict of guilty of robbery in the first degree in violation of § 53a-134 (a) (4) of the General Statutes,[1] as charged in a one-count information. He claims that the trial court committed reversible error by failing to instruct the jury, as requested, that the crime of larceny in the fourth degree was a lesser included offense of robbery in the first degree.

The trial testimony of the complainant, Heriberto Montanez, disclosed the following: On March 24, 1977, Montanez was the manager of Patillas Market in Stamford. After closing the store at about 8 p.m., he heard a knock at the front door, and, recognizing the defendant, he unlocked the door and allowed him to enter. Although the defendant was known to Montanez only as "Kicka," the parties had known each other for two and a half to three years. Vasquez asked him for a pound of baloney, and, when Montanez walked to the back of the store to slice the requested cold cuts, Vasquez reached over the counter near the cash register and took a hand-

---

[1] "[General Statutes] Sec. 53a-134. ROBBERY IN THE FIRST DEGREE: CLASS B FELONY. (a) A person is guilty of robbery in the first degree when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime: . . . (4) displays or threatens the use of what he represents by his words or conduct to be a pistol, revolver, rifle, shotgun, machine gun or other firearm . . . ."

gun which the store owner kept on the premises during business hours. Upon leaving the store, Vasquez pointed the gun at Montanez and said, "If you try to do something, I shoot you."

Following the presentation of all the evidence, the defendant filed with the court written requests to charge, pursuant to § 2263 of the 1963 Practice Book. He requested, inter alia, that the court instruct the jury on the law pertaining to robbery in the second degree, robbery in the third degree, and larceny in the fourth degree on the ground that the above offenses are lesser included crimes of robbery in the first degree with which the defendant was charged in the information. After the rendition of the jury's verdict of guilty, the defendant filed a motion for a new trial claiming error in the court's failure to charge the jury on the lesser included offense of larceny in the fourth degree. Practice Book, 1963, § 2313. The court denied the motion for a new trial and rendered a judgment of guilty of robbery in the first degree.

"The test for determining whether one violation is a lesser included offense in another violation is whether it is possible to commit the greater offense, in the manner described in the information or bill of particulars, without having first committed the lesser. If it is possible, then the lesser violation is not an included crime." *State* v. *Brown,* 163 Conn. 52, 61–62, 301 A.2d 547; *State* v. *Harden,* 175 Conn. 315, 323, 398 A.2d 1169; *State* v. *Troynack,* 174 Conn. 89, 97, 384 A.2d 326.

In the present case, the information charged the defendant with robbery in the first degree in that he stole a .38 caliber revolver from Heriberto Montanez and threatened the use of what he represented

by his words or conduct to be a firearm in the course of his flight from the scene.[2] See General Statutes § 53a-134 (a) (4). The crime of larceny, on the other hand, is committed when a person, "with intent to deprive another of property or to appropriate the same to himself or a third person, . . . wrongfully takes, obtains or withholds such property from an owner." General Statutes § 53a-119. Although one of the factors which determines the grade of the larceny committed is the value of the property taken; see General Statutes §§ 53a-122 (a) (2); 53a-124 (a) (1); and 53a-125 (a); when the value cannot be ascertained, its value is deemed to be an amount less than fifty dollars so as to constitute larceny in the fourth degree. General Statutes §§ 53a-121 (a) (3); 53a-125. Therefore, since larceny in the fourth degree as described above does not require any element that is not needed to commit the greater offense of robbery in the first degree in the manner alleged in the information, the larceny is a lesser included offense of robbery. *State* v. *Brown*, supra, 61.

Although the state does not seriously dispute the defendant's claim that the court erred in failing to charge the jury on the crime of larceny in the fourth degree as a lesser included offense of robbery, the state contends that, at most, the court's failure to give the requested charge was harmless error. We cannot agree.

In the present case, the information charged the defendant with the crime of robbery in the first degree. Although the court instructed the jury, as requested, regarding the crimes of robbery in the

---

[2] The record indicates that there was no request made by the defendant for a bill of particulars in this case.

second and third degrees, an essential element of all of the above offenses is, of course, the use or threatened immediate use of physical force upon another. General Statutes § 53a-133. Larceny, on the other hand, simply involves the intentional taking of another's property, and the use of force is not required. General Statutes § 53a-119.

The state, in its brief, argues that since the jury found the defendant guilty of the greater offense as charged, there was no occasion to consider either the lesser degrees of robbery or, if they had been instructed, the crime of larceny in the fourth degree.[3] As discussed above, however, since the lesser grades of robbery vary only with respect to the extent of force used, the court's failure to charge as requested effectively precluded the jury from finding that the defendant was guilty of an unlawful taking but that the use of force in the commission of the larceny had not been proven by the state beyond a reasonable doubt.[4]

In *State* v. *Thomas,* 105 Conn. 757, 765, 136 A. 475, where the defendant was charged with the crime of robbery with violence and the trial court, while it charged that he might be convicted of a number

---

[3] The state cites two recent Michigan appellate decisions for the proposition that when a defendant is convicted of the principal offense, a failure to charge on all lesser included offenses is not reversible error. In view of Michigan's judicially-established rule *prohibiting* a court from instructing on a lesser included offense for which the maximum allowable incarceration period is one year or less when the charged offense is punishable by incarceration for more than two years; *People* v. *Chamblis,* 395 Mich. 408, 429, 236 N.W.2d 473; the cases referred to by the state are clearly distinguishable.

[4] The potential for harm is especially great where, as here, the testimony of the complainant provided the jury with the only evidence that the defendant threatened the use of force.

of lesser offenses, failed to include among them simple or aggravated assault, this court held that the omission was not harmful to the defendant because he was found guilty of the crime charged. In *State* v. *Monte*, 131 Conn. 134, 38 A.2d 434, however, we reconsidered our holding in *State* v. *Thomas*, supra, and concluded (p. 137) that such a ruling could not be sustained as harmless error. "From the standpoint of the actual process by which juries arrive at verdicts, a failure to submit to them the lesser offense as a permissible basis for their verdict may work a very serious harm to the defendant." *State* v. *Monte*, supra.[5]

"For an erroneous portion of a charge to be reversible error, the court must consider the whole charge and it must be determined, in appeals not involving a constitutional question, if it is reasonably probable that the jury were misled . . . and, in appeals involving a constitutional question, if it is reasonably possible that the jury were misled." (Citations omitted.) *State* v. *Rose*, 169 Conn. 683, 687, 363 A.2d 1077.

The trial court's failure to give the requested charge on larceny in the fourth degree constituted harmful error under either test.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.

---

[5] Although it has been stated that our decision in *State* v. *Brown*, 163 Conn. 52, 61–62, 301 A.2d 547, represented a change in the law of this state regarding the definition of lesser included offenses expressed in *State* v. *Monte*, 131 Conn. 134, 135, 38 A.2d 434; Barnett, "The Lesser-Included Offense Doctrine: A Present Day Analysis for Practitioners," 5 Conn. L. Rev. 255, 260–61; we have no doubt that our analysis of the question of harmless error in *State* v. *Monte*, supra, 137, remains applicable in the present case.