STATE OF CONNECTICUT *v.* JOHN WHISTNANT

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

Argued October 10, 1979—decision released February 12, 1980

*Joette K. Rubin,* assistant public defender, for the appellant (defendant).

*Ernest J. Diette, Jr.,* assistant state's attorney, with whom, on the brief, were *George D. Stoughton,* state's attorney, and *Robert M. Meyers,* assistant state's attorney, for the appellee (state).

LOISELLE, J. The defendant John Whistnant was charged with robbery in the first degree in violation of Public Acts 1975, No. 75-411, § 1 (a) (2), now

General Statutes § 53a-134 (a) (2),[1] larceny in the third degree in violation of General Statutes § 53a-124 (a) (1),[2] and carrying a pistol without a permit in violation of General Statutes §§ 29-35 and 29-37.[3] He pleaded not guilty and elected to be tried by a jury of six. The jury found the defendant guilty as charged on the first and third counts of the information, and guilty of the lesser offense of larceny in the fourth degree as included in the second count.

The jury could reasonably have found the following facts. The defendant took a .38 caliber gun from James McCalop and refused to return it to him on November 16, 1975. The gun was worth no more than fifteen dollars. This was the essence of the state's case on the larceny charge.

[1] "[General Statutes] Sec. 53a-134. ROBBERY IN THE FIRST DEGREE: CLASS B FELONY. (a) A person is guilty of robbery in the first degree when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime . . . (2) is armed with a deadly weapon . . . except that in any prosecution under this subdivision, it is an affirmative defense that such pistol, revolver, rifle, shotgun, machine gun or other firearm was not a weapon from which a shot could be discharged. Nothing contained in this subdivision shall constitute a defense to a prosecution for, or preclude a conviction of, robbery in the second degree, robbery in the third degree or any other crime. (b) Robbery in the first degree is a class B felony."

[2] "[General Statutes] Sec. 53a-124. LARCENY IN THE THIRD DEGREE: CLASS B MISDEMEANOR. (a) A person is guilty of larceny in the third degree when: (1) The value of the property or service exceeds fifty dollars . . . . (b) Larceny in the third degree is a class B misdemeanor."

[3] "[General Statutes] Sec. 29-35. CARRYING OF PISTOL OR REVOLVER WITHOUT PERMIT RESTRICTED. No person shall carry any pistol or revolver upon his person, except when such person is within his dwelling house or place of business, without a permit to carry the same as provided in section 29-28. . . ."
"[General Statutes] Sec. 29-37. PENALTY. Any person violating any provision of section 29-35 . . . shall be fined not more than one thousand dollars or imprisoned not more than five years or both . . . ."

On the charge of carrying a pistol without a permit, the state offered evidence to show that Frank Ortiz, a liaison officer with the state department of corrections, located the defendant and persuaded him to relinquish possession of a gun on November 17, 1975. The jurors could reasonably have believed that this was the same gun which the defendant took from McCalop the previous day.

On the first degree robbery charge, the state offered testimony of Sophie Dziegielewski, a cashier at Lech's Food Store in New Britain, who identified the defendant as the man who entered the store with another person on November 17, 1975, pointed a gun at her and told her to place the money from two cash registers into a paper bag. The defendant, in his brief, contends that Ms. Dziegielewski's testimony did not mention any oral threat by the defendant to use force.

The defendant assigns as error the trial court's failure to instruct the jury on larceny in the fourth degree as a lesser included offense of robbery in the first degree. The court instructed the jury that fourth degree larceny was a lesser included offense of third degree larceny as charged in the second count of the information, but chose to instruct the jury on second and third degree robbery as the only lesser included crimes of first degree robbery as charged in the first count.

The defendant claims that he has a fundamental constitutional right to have the jury instructed as to any lesser offense if upon the evidence he can properly be found guilty of it and the allegations of the information include the elements which constitute that lesser offense. The defendant cites *State* v. *Monte,* 131 Conn. 134, 38 A.2d 434 (1944)

and *State* v. *Vasquez,* 176 Conn. 239, 405 A.2d 662 (1978) to support his assertion that the court's failure to charge, sua sponte, on a lesser included offense violates a defendant's due process right to a fair trial. The defendant contends that his case constitutes an exceptional circumstance under *State* v. *Evans,* 165 Conn. 61, 69–70, 327 A.2d 576 (1973), worthy of the court's review despite his failure to raise the constitutional claim at trial.

In *State* v. *Monte,* supra, this court held that it was error to deny the defendant, who was convicted on a charge of aggravated assault, his request to charge on simple assault. The court overruled *State* v. *Thomas,* 105 Conn. 757, 765, 136 A. 475 (1927), which held that a trial court's failure to instruct the jury on simple or aggravated assault as lesser included offenses of robbery with violence, the crime charged, was harmless error because the jury had found the defendant guilty as charged. The court's holding in *State* v. *Monte* does not rely on the constitution. The court's statement (p. 137) that "a court is bound to submit to the jury matters which are necessarily involved in the disposition of a case or essential to a full and fair consideration of it" was intended to refute the state's contention that the defendant's request to charge on the lesser included crime was properly denied because he had failed to cite legal authority for the requested instruction as he was required to do by the Practice Book. This statement has no constitutional overtones. The court in *State* v. *Monte* simply applied the harmless error doctrine to review the propriety of an instruction on a lesser included offense in view of the allegations contained in the information and the evidence adduced at trial and found there was harmful error.

A review of the court's decisions since *State* v. *Monte* lends no credence to the claim that a defendant has a fundamental constitutional right to a jury instruction on a lesser included offense. *State* v. *Mele,* 140 Conn. 398, 402, 100 A.2d 570 (1953); *State* v. *Pallanck,* 146 Conn. 527, 529, 152 A.2d 633 (1959); *State* v. *Devine,* 149 Conn. 640, 650, 183 A.2d 612 (1962); *State* v. *Sylvester Brown,* 163 Conn. 52, 60–63, 301 A.2d 547 (1972); *State* v. *Cari,* 163 Conn. 174, 182–84, 303 A.2d 7 (1972); *State* v. *Blyden,* 165 Conn. 522, 528–30, 338 A.2d 484 (1973); *State* v. *Brooks,* 167 Conn. 281, 282, 355 A.2d 67 (1974); *State* v. *Huot,* 170 Conn. 463, 467, 365 A.2d 1144 (1976); *State* v. *Ruiz,* 171 Conn. 264, 272–74, 368 A.2d 222 (1976); *State* v. *Carr,* 172 Conn. 458, 465–67, 374 A.2d 1107 (1977); *State* v. *Chetcuti,* 173 Conn. 165, 169, 377 A.2d 263 (1977); *State* v. *Irwin Brown,* 173 Conn. 254, 258–59, 377 A.2d 268 (1977); *State* v. *Troynack,* 174 Conn. 89, 96–99, 384 A.2d 326 (1977); *State* v. *Neve,* 174 Conn. 142, 145–46, 384 A.2d 332 (1977); *State* v. *Ciotti,* 174 Conn. 336, 337, 387 A.2d 546 (1978); *State* v. *Harden,* 175 Conn. 315, 323–25, 398 A.2d 1169 (1978); *State* v. *Vasquez,* 176 Conn. 239, 405 A.2d 662 (1978);[4] *State* v. *Anderson,* 178 Conn. 287, 292–93, 422 A.2d 323 (1979); *State* v. *Goldson,* 178 Conn. 422, 423 A.2d 114 (1979); *State* v. *Amaral,* 179 Conn. 239, 425 A.2d 1293 (1979).

The United States Supreme Court has not decided whether the due process clause of the fourteenth amendment requires the trial court to instruct the

[4] In *State* v. *Vasquez,* 176 Conn. 239, 405 A.2d 662 (1978), this court held that failure to give such an instruction, under the facts and circumstances of that case, was harmful error. To the extent that the court's language might imply the existence of a constitutional right to an instruction on a lesser included offense, it is not controlling.

jury, sua sponte, on a lesser included crime.[5]  Nor have the United States Courts of Appeal found a constitutional right to a jury instruction on a lesser included offense.  A criminal defendant's right to such an instruction in a federal court is not embodied in the constitution, but is provided by Federal Rules of Criminal Procedure, Rule 31 (c).[6]  See, e.g., *United States* v. *Stolarz,* 550 F.2d 488, 491 (9th Cir. 1977); *United States* v. *Carter,* 540 F.2d 753, 754 (4th Cir. 1976); *United States* v. *Markis,* 352 F.2d 860, 866 (2d Cir. 1965), vacated on other grounds, 387 U.S. 425, 87 S. Ct. 1709, 18 L. Ed. 2d 864 (1967).  These cases comport with the analysis adopted by the United States Supreme Court in *Sansone* v. *United States,* 380 U.S. 343, 349–50, 85 S. Ct. 1004, 13 L. Ed. 2d 882 (1965), and *Berra* v. *United States,* 351 U.S. 131, 133–34, 76 S. Ct. 685, 100 L. Ed. 1013 (1956).

In *State* v. *Vasquez,* supra, the court held that the trial court's failure to instruct the jury, as requested, on the crime of larceny in the fourth degree as a lesser included offense of robbery as it was alleged in the information could not be regarded as harmless error.  There, as in this case, the jury found the defendant guilty as charged.  Both juries convicted the defendants of first degree robbery, despite the courts' instructions that the

[5] The court has, however, on two recent occasions, denied certiorari from state supreme court decisions which have held that there is no such constitutional right. *Walker* v. *Florida,* 364 So. 2d 898 (Fla.), cert. denied, 444 U.S. 928, 100 S. Ct. 268, 62 L. Ed. 2d 184 (1979); *Barclay* v. *Alabama,* 368 So. 2d 579 (Ala. Crim. App.), cert. denied, 444 U.S. 928, 100 S. Ct. 269, 62 L. Ed. 2d 185 (1979).

[6] Federal Rules of Criminal Procedure, Rule 31 (c) provides: "CONVICTION OF LESSER OFFENSE. The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense."

jury could find the defendant guilty of robbery in the first, second or third degrees, or not guilty. There, as here, our analysis of the question of harmless error in *State* v. *Monte,* supra, remains applicable. *State* v. *Vasquez,* supra, 244 n.5.

Unlike the defendant in *State* v. *Vasquez,* however, the defendant Whistnant failed to request an instruction on fourth degree larceny as a lesser included offense of first degree robbery as alleged in the information. There is no fundamental constitutional right to a jury instruction on every lesser included offense suggested by the evidence or by the information, indictment and bill of particulars. It is therefore incumbent on the defendant to request such an instruction. Absent a refusal of the trial court to give the requested instruction, this court need not consider the defendant's contention that the trial judge erred in failing to charge the jury on an alleged lesser included offense.[7] Nevertheless, we have decided to consider

---

[7] The majority of jurisdictions which have recently addressed this issue require a request. *United States* v. *Scharf,* 558 F.2d 498, 502 (8th Cir. 1977); *United States* v. *Seijo,* 537 F.2d 694, 698–99 (2d Cir.), cert. denied, 429 U.S. 1043, 97 S. Ct. 745, 50 L. Ed. 2d 756 (1976); *State* v. *Vanderlinden,* 111 Ariz. 378, 380, 530 P.2d 1107 (1975); *People* v. *Sharpe,* 183 Colo. 64, 69, 514 P.2d 1138 (1973); *Huff* v. *State,* 350 So. 2d 123, 123–24 (Fla. App. 1977); *Curtis* v. *State,* 243 Ga. 50, 51, 252 S.E.2d 614 (1979); *Rufer* v. *State,* 264 Ind. 258, 262, 342 N.E.2d 856 (1976); *State* v. *Habhab,* 209 N.W.2d 73, 74 (Iowa 1973); *State* v. *Trujillo,* 225 Kan. 320, 323–24, 590 P.2d 1027 (1979); *Eversole* v. *Commonwealth,* 550 S.W.2d 513, 516 (Ky. 1977); *State* v. *Hilliker,* 327 A.2d 860, 867 (Me. 1974); *Commonwealth* v. *Camelio,* 1 Mass. App. 296, 302–303, 295 N.E.2d 902 (1973); *People* v. *Page,* 83 Mich. App. 412, 416, 268 N.W.2d 666 (1978); *State* v. *Sobieck,* 299 Minn. 221, 222, 216 N.W.2d 832 (1974); *Sexton* v. *State,* 274 So. 2d 658, 661 (Miss. 1973); *State* v. *Sotelo,* 197 Neb. 334, 342, 248 N.W.2d 767 (1977); *Larsen* v. *State,* 93 Nev. 397, 400, 566 P.2d 413 (1977); *State* v. *Saulnier,* 63 N.J. 199, 206–207, 306 A.2d 67 (1973); *People* v. *Henderson,* 49 App. Div. 2d 978, 979, 374 N.Y.S.2d 405, aff'd, 41 N.Y.2d 233, 359

the defendant's claim and to take this occasion to reexamine the rule for determining when a defendant is entitled to an instruction on a lesser included offense.

Given a request to instruct the jury on a lesser included offense, which may be submitted by either the state or the defendant, if it is not possible to commit the crime charged in the information or bill of particulars without first having committed a lesser crime, and if, upon the evidence, an accused can properly be found guilty of the lesser crime, then the defendant is entitled to a jury instruction on that crime. *State* v. *Sylvester Brown,* 163 Conn. 52, 61–62, 301 A.2d 547 (1972); *State* v. *Monte,* 131 Conn. 134, 135–37, 38 A.2d 434 (1944); see *State* v. *Vasquez,* 176 Conn. 239, 405 A.2d 662 (1978).

N.E.2d 1357 (1975); *State* v. *Motsko,* 261 N.W.2d 860, 867 (N.D. 1977); *State* v. *Briggs,* 245 Or. 503, 508–509, 420 P.2d 71 (1966); *Commonwealth* v. *Johnson,* 460 Pa. 493, 496–97, 333 A.2d 881 (1975); *State* v. *Grimes,* 90 S.D. 43, 50–51, 237 N.W.2d 900 (1976); *Ruiz* v. *State,* 523 S.W.2d 691, 695 (Tex. Crim. App. 1975); *State* v. *Langley,* 25 Utah 2d 29, 474 P.2d 737 (1970); *Chittum* v. *Commonwealth,* 211 Va. 12, 17, 174 S.E.2d 779 (1970); *State* v. *Livengood,* 14 Wash. App. 203, 206, 540 P.2d 480 (1975); *Cleghorn* v. *State,* 55 Wis. 2d 466, 469, 198 N.W.2d 577 (1972).

Some jurisdictions require the trial court to instruct the jury on lesser included crimes supported by the evidence despite the absence of a request. *People* v. *Johnson,* 81 Cal. App. 3d 380, 385, 146 Cal. Rptr. 476 (1978), citing *People* v. *Sedeno,* 10 Cal. 3d 703, 719, 518 P.2d 913 (1974); *State* v. *Lopez,* 100 Idaho 99, 102, 593 P.2d 1003 (1979); *State* v. *Newman,* 514 S.W.2d 527 (Mo. 1974); *State* v. *Bell,* 284 N.C. 416, 419, 200 S.E.2d 601 (1973); *Jackson* v. *State,* 554 P.2d 39, 43 (Okla. Crim. App. 1976); *State* v. *Goff,* 107 R.I. 331, 335–36, 267 A.2d 686 (1970); *Wright* v. *State,* 549 S.W.2d 682, 686 (Tenn. 1977). The Illinois decisions have ruled that, in the absence of a request for an instruction on manslaughter as a lesser included crime of murder, the giving of such an instruction is committed to the discretion of the trial court. *People* v. *Taylor,* 36 Ill. 2d 483, 490–91, 224 N.E.2d 266 (1967); *People* v. *Spataro,* 67 Ill. App. 3d 69, 74, 384 N.E.2d 553 (1978).

In *State* v. *Sylvester Brown,* 163 Conn. 52, 61–62, 301 A.2d 547 (1972), this court established the rule that the allegations contained in the indictment, information and bill of particulars formed the criteria upon which the trial court must determine which lesser crimes were included in the crime charged. The rule has since been interpreted to mean that every lesser offense which could be found in the indictment, information or bill of particulars was a proper subject for consideration by the trier of fact. On reexamination of *State* v. *Sylvester Brown* and its progeny, however, particularly upon the facts of this case, it is necessary to refine the rule. No person should be convicted of a crime, whether it be the crime charged or a lesser included crime, without evidence to support such a conviction. See *Stevenson* v. *United States,* 162 U.S. 313, 315, 16 S. Ct. 839, 40 L. Ed. 980 (1896), citing *Sparf* v. *United States,* 156 U.S. 51, 63–64, 15 S. Ct. 273, 39 L. Ed. 343 (1894). Therefore, despite the determination that a lesser offense may appear to be included in the allegations which are contained in the indictment, information or bill of particulars, if the evidence does not support such a conviction then its submission to the jury is improper. Once the court has examined the allegations in the indictment, information and bill of particulars to determine which lesser crimes, if any, may be included in the crime charged, it must then review the evidence to determine whether the evidence supports a conviction for the lesser offense. Only if there is evidence to support such a conviction can the lesser crime be included and the subject of a proper instruction to the jury. To the extent that the cases decided subsequent to *State* v. *Sylvester Brown,* supra, suggest otherwise, they are no longer controlling.

The record in this case shows that the defendant never pressed the claim that there was any evidence which would support a conviction for fourth degree larceny in lieu of first degree robbery.[8] The first count of the information charged the defendant with robbery in the first degree. The defendant's brief concedes that he offered no alibi into evidence and states that his defense was premised on alleged inconsistencies and frailties in the state's case, such as the identity of the gun used in the holdup. The record does not show that the defense offered evidence to contradict Ms. Dziegielewski's testimony that the defendant pointed a gun at her and told her to place the money from the cash registers in a paper bag. The jury could reasonably have found that pointing the gun at Ms. Dziegielewski while telling her to put the money in a bag constituted first degree robbery, robbery while armed with a deadly weapon. According to the defendant's brief, Officer James Ahern testified that he witnessed another person test-fire the gun, but that in examining it the next morning, he found the cylinder would not rotate and the gun would not fire. This evidence supported the trial court's charge on the lesser included crime of robbery in the second degree,

---

[8] The defendant in his brief argues: "To find robbery in the first degree with a deadly weapon as defined by General Statutes § 53a-134 (a) (2) and 53a-3 (6), the state was required to prove the identity of the weapon and its operability. However, because of the inconsistent and inconclusive statements Miss Dziegielewski gave the state was compelled to rely heavily on inferences to establish that the exhibit was in fact the gun used in the robbery. To prove operability of the exhibit, the state introduced Officer Ahern who testified that he witnessed the gun being test fired. He added however that in examining it the next morning, he found the cylinder would not rotate and the gun would not fire. The defendant provided no alibi. His defense was premised on the aforementioned inconsistencies and frailties in the state's case." (Citations to transcript omitted.)

General Statutes § 53a-135.[9] It did not support a charge on fourth degree larceny, General Statutes § 53a-125.[10]

Furthermore, the single most important element which differentiates robbery from larceny was not in dispute. The crime of robbery requires the use or threatened immediate use of physical force. General Statutes § 53a-133.[11] The defendant did not deny that he pointed a gun at Ms. Dziegielewski when he told her to put the money in the bag. He challenged only the state's claim that the gun was a loaded or unloaded weapon from which a shot could have been discharged. Therefore, the jury could not, on this evidence, have found the defendant innocent of first, second or third degree robbery but guilty of fourth degree larceny.

[9] "[General Statutes] Sec. 53a-135. ROBBERY IN THE SECOND DEGREE: CLASS C FELONY. (a) A person is guilty of robbery in the second degree when he commits robbery and (1) he is aided by another person actually present; or (2) in the course of the commission of the crime or of immediate flight therefrom he or another participant in the crime displays or threatens the use of what he represents by his words or conduct to be a deadly weapon or a dangerous instrument."

[10] "[General Statutes] Sec. 53a-125. LARCENY IN THE FOURTH DEGREE: CLASS C MISDEMEANOR. (a) A person is guilty of larceny in the fourth degree when the value of the property or services is fifty dollars or less."

Larceny is defined in General Statutes § 53a-119 as follows: "A person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner. . . ."

[11] "[General Statutes] Sec. 53a-133. ROBBERY DEFINED. A person commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of: (1) Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or (2) compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commision of the larceny."

A defendant is entitled to an instruction on a lesser offense if, and only if, the following conditions are met: (1) an appropriate instruction is requested by either the state or the defendant; (2) it is not possible to commit the greater offense, in the manner described in the information or bill of particulars, without having first committed the lesser; (3) there is some evidence, introduced by either the state or the defendant, or by a combination of their proofs, which justifies conviction of the lesser offense; and (4) the proof on the element or elements which differentiate the lesser offense from the offense charged is sufficiently in dispute to permit the jury consistently to find the defendant innocent of the greater offense but guilty of the lesser.[12] The absence of evidence to justify a conviction on fourth degree larceny and the defendant's failure to request an instruction on fourth degree larceny as a lesser included offense support the trial court's decision to limit its instructions to second and third degree robbery as the only lesser included offenses of first degree robbery as it was alleged in the information.

There is no error.

In this opinion the other judges concurred.

---

[12] See *U.S.* v. *Coppola*, 526 F.2d 764, 774 (10th Cir. 1975); *U.S.* v. *Thompson*, 492 F.2d 359, 362 (8th Cir. 1974); *U.S.* v. *Whitaker*, 447 F.2d 314, 317 (D.C. Cir. 1971). In citing these authorities it must be noted that the rule we adopt today includes the rule of *State* v. *Sylvester Brown*, 163 Conn. 52, 61–62, 301 A.2d 547 (1972).