[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Richard P. Lawlor appeals the decision of the defendant Commissioner of Motor Vehicles suspending his motor vehicle operator's license. The Commissioner acted pursuant to General Statutes 14-227b. The plaintiff appeals pursuant to General Statutes 4-183. The court finds in favor of the plaintiff.
The sole issue before the court, which was exceptionally well briefed by the plaintiff, is "whether a local police officer . . . is empowered to lawfully pursue a person outside the geographical boundaries of his own town for the sole purpose of stopping that person to issue a complaint or warning for an infraction." Plaintiff's brief, pp. 2-3.
The facts relevant to the issue before the court are essentially undisputed. Officer Poisson, a member of the Wethersfield Police Department, observed the plaintiff operating his vehicle on Maple Street in Wethersfield heading eastbound toward the Putnam Bridge, which crosses the town boundary with Glastonbury. In the officer's opinion, the plaintiff was driving at an excessive rate of speed and weaving in and out of his proper travel lane, thereby committing infractions under General Statutes 14-218a and14-236. At that time, he had no reason to suspect the plaintiff of any other violation of the law. The officer pursued the plaintiff over the Putnam Bridge, out of Wethersfield, and finally stopped him over the boundary line in Glastonbury. After stopping the plaintiff and smelling alcohol on his breath, the officer administered the usual "Field Performance (Sobriety) Tests", and arrested the plaintiff on the charge of driving under the influence of intoxicating liquor in violation of General Statutes14-227a. The officer also charged the plaintiff with the two infractions noted above. CT Page 11315
Following his arrest, the plaintiff refused to submit to chemical breath tests. At the administrative hearing, in accordance with General Statutes 14-227b(f), the hearing officer found (1) that the police had probable cause to arrest the plaintiff for drunk driving; (2) that the police in fact arrested him; (3) that the plaintiff refused to be tested; and (4) that he was operating the motor vehicle. Based on those findings, the Commissioner suspended the plaintiff's license for six months.
The state constitution and statutes establish and limit the jurisdiction of municipal police to operate outside the boundaries of their municipalities. The statute pertinent to the facts and circumstances of this case is General Statutes
54-1f. That statute reads, in relevant part, as follows:
 (a) . . . (municipal police officers) shall arrest, without previous complaint and warrant, any person for any offense in their jurisdiction, when the person is taken or apprehended in the act or on the speedy information of others . . . .
 (b) Members . . . of any local police department . . . shall arrest, without previous complaint and warrant, any person who the officer has reasonable grounds to believe has committed or is committing a felony.
 (c) Members of any local police department . . . when in immediate pursuit of one who may be arrested under the provisions of this section, are authorized to pursue the offender outside of their respective precincts into any part of the state in order to effect the arrest . . . . (Emphasis added).
In essence, section 54-1f permits a municipal police officer to pursue and arrest someone outside the municipality if the officer could have arrested that person within the municipality for an "offense", as authorized by sub section (a), or for a "felony", as authorized by subsection (b).
In the present case, the plaintiff contends that, during the entire course of the pursuit into Glastonbury, the CT Page 11316 Wethersfield police officer had probable cause to arrest the plaintiff only for infractions and that he had no probable cause to arrest the plaintiff for any "offense" or for a "felony" during that time. Therefore, he argues, the police officer was not entitled to pursue the plaintiff outside of Wethersfield because, at the time of the pursuit, the plaintiff could not be arrested under any of the provisions of section 54-1f.
The defendant Commissioner argues that the infractions which the police officer observed and for which he was pursuing the plaintiff constituted "offenses" within the meaning of section 54-1f. The parties essentially agree that this is the dispositive issue in the case.
General Statutes 53a-24 defines the term "offense" as follows:
 (a) The term offense means any crime or violation which constitutes a breach of any law of this state or of any other state or of federal law or local law or ordinance of a political subdivision of this state, for which a sentence to a term of imprisonment or to a fine, or both, may be imposed, except one that defines a motor vehicle violation or is deemed to be an infraction . . . (Emphasis added).
General Statutes 53a-2 provides, in relevant part, as follows:
 The provisions of this title shall apply to any offense defined in this title or the general statutes, unless otherwise expressly provided or unless the context otherwise requires . . . .
The latter statute has the effect of exporting the definition of "offense" in section 53a-24 of Title 53a to section 54-1f of Title 54. This general applicability of the section 53a-24 definition of the term is confirmed by the Appellate Court's decision in State v. Kluttz, 9 Conn. App. 686
(1987). That case held that the exclusion of "motor vehicle violation(s)" from the definition of "offense" in section 53a-24 carries over to the definition of that term as it is used in applying the common law lesser included "offense" rule. See State v. Whistnant, 179 Conn. 576
CT Page 11317 (1980). The point is that the section 53a-24 definition has wide ranging applicability in the statutes and common law relating to criminal law.
General Statutes 14-218a and 14-236 define infractions. Accordingly, they are not "offense(s)", as that term is defined in section 53a-24 and as it is used in section 54-1f. Since they are neither offenses nor felonies, for which a person may be arrested under the provisions of section 54-1f, that section does not authorize a local police officer to pursue a person suspected of committing such infractions outside his or her municipality.
The defendant Commissioner argues that Conn. Practice Book 1021(5) expands the definition of the term "offense" to bring it within the meaning of General statutes 54-1f. The Practice Book provision reads, in relevant part, as follows:
 Unless the context clearly requires otherwise: . . . (5) "offense" means any crime or violation which constitutes a breach of any law of this state or any local law or ordinance of a political subdivision of this state, for which a sentence of a term of imprisonment or a fine, or both, may be imposed, including infractions and traffic offenses. (Emphasis added).
The Commissioner contends that section 53a-24 of the general statutes, which is in the penal code, does not apply to section 54-1f, which is in Title 54 entitled Criminal Procedure. Rather, the Commissioner argues, the Practice Book definition should be used in section 54-1f because the Practice Book provides procedural rules in criminal matters. The Commissioner cites several Superior Court decisions in support of his position.
The problem inherent in the Commissioner's argument is that it overlooks the provisions of General statutes 53a-2, the explicit provisions of General statutes 53a-24, and the broad impact of the Appellate Court's decision in state v. Kluttz, supra. See, in particular, that court's refusal to follow the decision of the Appellate Session of the Superior Court in State v. Anonymous, 36 Conn. Sup. 527
(1980). Kluttz, supra 694, n. 8. Based on those authorities, this court holds that the definition of the term "offense" CT Page 11318 in Practice Book 1021(5) does not apply in General statutes54-1f. For purposes of that statute, the definition in General statutes 53a-24 applies.
The court's interpretation of General statutes 54-1f
necessarily leads to the conclusion that the Wethersfield police officer was not authorized to pursue the plaintiff, whom he suspected of committing only infractions, outside Wethersfield. The subsequent stop and determination of probable cause to arrest the plaintiff for drunk driving, which the police officer made in Glastonbury, were illegal, as was the arrest. For these reasons, the Commissioner's decision on the issues of probable cause and arrest, as mandated by General statutes 14-227b(f), was erroneous. See Field v. Goldberg, 42 Conn. Sup. 306 (1991) (appeal withdrawn); holding that an illegal stop and arrest cannot support a license suspension under General statutes 14-227b.
The plaintiff's appeal is sustained.
Maloney, J.