[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON MOTION FOR SUMMARY JUDGMENT
CT Page 9521
In this case the plaintiff sued John T. Wilcox Construction Co., Inc. and Hartford Fire Insurance Company. The plaintiff allegedly supplied certain building materials to the subcontractor Wilcox. The Callahan company was the general contractor and both Callahan and the defendant insurance company signed a performance bond for the job. The plaintiff brought a three-count complaint and the defendants Callahan and the Hartford Fire Insurance Company filed answers in the counts directed against each one of them but also filed cross-claims.
The cross-claims incorporate the allegations made in each one of the plaintiff's counts and then in each of the cross-claim counts inserts a paragraph which says:
 If the plaintiff was damaged as alleged, said damages were due to the neglect and failure of Wilcox to pay the sum of $13,102.20.
The last mentioned sum being what the plaintiff claims as damages in each one of its counts.
In the motion for summary judgment the plaintiff argues that by incorporating the plaintiff's allegations in the cross-claims against Wilcox these pleadings of the cross-complaint are a judicial admission of the plaintiff's complaint. Therefore there are no issues of fact as between the plaintiff and the defendants Callahan and the insurance company so that a judgment should enter against them and for the plaintiff. Tait La Plante, Handbook ofConnecticut Evidence is cited which says at § 6.7.1 p. 134: "Factual allegations contained in pleadings upon which the cause is tried are considered judicial admissions and hence irrefutable as long as they remain in the case," see alsoDreier v. Upjohn Co., 176 Conn. 242, 248 (1985).
A simple reading of each count of the cross-claim inits entirety makes clear that the defendants are not admitting the plaintiff's factual allegations. They merely refer to the plaintiff's allegations and in each count of the cross-claim say "if" the plaintiff was damaged as alleged", Wilcox is the party really responsible. Given CT Page 9522 the draconian consequences of judicial admissions it would seem the pleadings have to be read in their entirety, to determine if in fact there was an admission.
Also the defendants' cross-claims immediately followed their answers which in the aspects of this suit which will be determinative of its outcome left the plaintiff to its proof on the bulk of the factual allegations made in the plaintiff's three counts and which are the very allegations incorporated in the cross-claims.
Simply put the defendants are saying we will leave you to your proof on the allegations of your complaint — nothing wrong with that so far. Then they say but if you do establish your case to the trier of fact by a preponderance of the evidence we say that Wilcox owes you the money and that's why we've made these cross-claims against Wilson.
The defendant's should not have to be found to have made a judicial admission to protect their legal rights in this manner. Adopting the plaintiff's position would in effect bar the use of this cross-claim procedure in actions brought against general contractors and insurance companies who have signed a performance bond. This would be undesirable since the legal claims in these matters should where possible be resolved in one case.
The motion for summary judgment is denied.
Corradino, J.