[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Petitioner William Jupin brings this petition for a Writ of Habeas Corpus alleging that his conviction was obtained as a result of ineffective assistance of his trial counsel John Gulash. The Petitioner was found guilty after a trial of Assault in the First Degree in violation of Connecticut General Statutes § 53a-59 (a)(3). On April 27, 1990 the Petitioner received a sentence of eleven years imprisonment for said conviction.
The Petitioner appealed his conviction and the Connecticut Appellate Court affirmed the conviction in 27 Conn. App. 331. One of the Petitioner's claims on appeal was that the trial court improperly refused to instruct the jury, as requested, on the crime of Assault in the Third Degree, § 53a-61 (a)(2); as a lesser included offense of Assault in the First Degree. The trial court denied the request because it did not conform to the requirements of Practice Book § 854, and the defendant excepted. The Appellate Court went on to say that a defendant is entitled to a charge on a lesser included offense when he meets CT Page 2363 the four conditions set forth in State v. Whistant, 179 Conn. 576,578, 427 A.2d 414 (1980); State v. Jupin, 26 Conn. App. 331,346 (1992). The first of those conditions is that an appropriate instruction is requested by either the state or the defendant; . . . Id. 346. A proposed instruction is not appropriate unless it is made in compliance with Practice Book § 854. [Citations omitted] Id. 346. . . . In the context of a written request to charge a lesser included offense, this requirement of § 854 is met only if the proposed request contains "`such a complete statement of the essential facts as would have justified the court in charging in the form requested' [Citations omitted]." Id. 347. The court went on to say the Petitioner's attorney's request to charge did not comply with Practice Book § 854 as it contained no facts whatsoever, much less a complete statement of the essential facts as would have justified the court in charging in the form requested. Id. 347.
The only issue in this petition for writ of habeas corpus is the Petitioner's attorney's failure to adequately request a charge on the lesser included offense of Assault in the Third Degree in violation of General Statute § 53a-61 (a)(2). Was that failure ineffective assistance of counsel?
Attorney John Gulash testified that the theory of the defense was one of causation that the Petitioner did not cause the victim's injuries. The victim's injuries were severe She was in a coma for a year or more and today needs total care. She cannot function as an independent person today. The assault for which the defendant was convicted occurred on September 24, 1988. The Petitioner and the victim were living together on that date in an apartment along with another couple and young child.
The facts of the case are set forth in State v. Jupin, supra and are as follows:
 The evidence shows that, although Wright (victim) became confused and exhibited some unusual behavior when paramedic Yuro examined her at 1:30 a.m., she otherwise responded to him in a normal manner and walked out of the apartment without assistance to go to the hospital in the ambulance. Yuro did not note any bruises or other indicia of trauma on her body during a nearly twenty minute examination, and the defendant testified that Wright said that she was all right when he picked her up at the hospital between 2:30 and 3 a.m. The defendant further testified that CT Page 2364 Wright was walking about the apartment and having a conversation with him between 3:30 and 4 a.m., just before the couple fought and he struck her. Terwilliger also saw Wright washing dishes at 1 a.m. and heard her arguing with the defendant at about 3:30 a.m.
 The medical testimony also indicated that Wright's comatose condition did not exist just prior to the argument with the defendant. Both Opalak and Carver placed the onset of Wright's condition within forty-eight to seventy-two hours prior to her surgery in the afternoon of September 24, 1988. Both physicians testified however that it was unlikely that Wright had an acute subdural hematoma at the time Yuro examined her at 1:30 a m. Opalak stated that more than a slap would have been necessary to cause Wright's condition and that it was very unlikely that she had caused it by falling down. He found nothing during surgery to tie her condition to a fall, adding that it was unlikely that a fall would bring about the rupture of the particular veins in Wright's brain that were damaged. Opalak and Carver both stated that a blunt instrument likely caused Wright's condition, with Carver testifying that the amount of force necessary to fracture her skull would have been sufficient to cause a subdural hematoma. He stated that a single blow to the head could cause both the fracture and the subdural hematoma, adding that the force that caused Wright's condition went from side to side in striking her. From this evidence, the jury reasonably and logically could have concluded that Wright's injuries resulted from her having been struck with a blunt instrument sometime between 2:30 a.m. and 4:30 p.m. on September 24, 1988, and that the defendant was the only person who could have inflicted those injuries.
Attorney Gulash testified that the only reason he requested the court to charge on a lesser included offense of Assault in the Third Degree in violation of statute § 53a-61 (a)(2) was because the State had requested a lesser included charge of Assault in the Second Degree be given. Attorney Gulash testified that he would have rather had no lesser included charge given, which is what in fact occurred. The court denied the State's request for a charge on Assault in the Second Degree. However when that occurred Attorney Gulash did not withdraw his request for a charge on Assault in the Third Degree. As stated hereinbefore that request to charge was denied. Attorney Gulash testified that in his opinion it would be inconsistent to argue CT Page 2365 to the jury in view of the defense put forth that Assault in the Third Degree should be considered by them. Further he testified he did not want a lesser included offense charge given because without it he could make a stronger argument to the jury on the Petitioner's behalf.
"Our Supreme Court has adopted the two-pronged analysis ofStrickland v. Washington, supra, to determine if counsel's assistance was ineffective. Bunkley v Commissioner of Correction,222 Conn. 444, 455, 610 A.2d 598 (1992). Sekou v. Warden,216 Conn. 678, 690, 583 A.2d 1277 (1990). Under this analysis, to prevail on a constitutional claim of ineffective assistance of counsel, the petitioner must demonstrate both (1) deficient performance and (2) actual prejudice. Bunkley v. Commissioner ofCorrection, supra; Hull v. Warden, 32 Conn. App. 170, 174,628 A.2d 32 (1993); Siano v. Warden, supra."
"`To satisfy the first prong, that his counsel's performance was deficient, the petitioner must establish that his counsel made errors so serious that [he] was not functioning as the "counsel" guaranteed the [petitioner] by the Sixth Amendment. . . . The petitioner must thus show that counsel's representation fell below an objective standard of reasonableness considering all of the circumstances. . . . We will indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.' (Citations omitted; internal quotation marks omitted.) Siano v.Warden, supra; Hull v. Warden, supra; Copas v. Warden, supra, 683-84.
"`To satisfy the second prong, that his counsel's deficient performance prejudiced his defense, the petitioner must establish that counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable. . . . The petitioner must establish that, as a result of his trial counsel's deficient performance, there remains a probability sufficient to undermine confidence in the verdict that resulted in his appeal. . . . The second prong is thus satisfied, if the petitioner can demonstrate that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' (citations omitted; internal quotation marks omitted). Siano v.Warden, supra, 98; Bunkley v. Commissioner of Correction, supra, CT Page 2366 454-55." Davis v. Warden, 32 Conn. App. 296, 301-303,629 A.2d 440, cert. denied, 227 Conn. 924, 632 A.2d 701 (1993). Johnson v.Commissioner of Correction, 36 Conn. App. 695, 701, 701 (1995).
After hearing the evidence this court finds that the Petitioner has failed to sustain his burden of proof on either prong of the test set forth in Strickland v. Washington, supra, as to any allegation in his Revised Amended Petition dated February 12, 1996. As to the first prong of said test, namely deficient performance, this court cannot find that the Petitioner has sustained his burden of proof because Attorney Gulash testified he preferred to have the case go to the jury for deliberation without a charge on any lesser included offenses. This in fact occurred. In this court's opinion, that was trial strategy and not ineffective assistance of counsel. But even assuming counsel's failure to submit a proper request to charge on Assault in the Third Degree was deficient performance on his part, the Petitioner would still have to prove that that deficient performance actually prejudiced him. In other words a failure to request such charge in the proper form was so serious as to deprive the Petitioner of a fair trial. The Petitioner has not demonstrated that there exists a reasonable probability that, but for counsel's failure to submit a request to charge on the crime of Assault in the Third Degree, the result of the Petitioner's trial would have been different.
For the above reasons the Petitioner's petition for a writ of habeas corpus is denied.
William J. Sullivan, Judge