STATE OF CONNECTICUT *v.* KOUNGTHONG
SIRIMANOCHANH
(14470)

PETERS, C. J., CALLAHAN, BORDEN, BERDON and NORCOTT, Js.

Argued October 29, 1992—decision released February 23, 1993

*Marjorie Allen Dauster,* deputy assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *Gerard Eisenman,* assistant state's attorney, for the appellant (state).

*Sandra P. Lax,* for the appellee (defendant).

BERDON, J. The sole issue in this appeal is whether the defendant waived the claim that sexual assault in the fourth degree in violation of General Statutes § 53a-73a (a) (1) (A)[1] is not a lesser included offense of sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (1).[2]

The state charged the defendant, Koungthong Sirimanochanh, in the first count of a two count long form information, with sexual assault in the second degree in violation of § 53a-71 (a) (1).[3] The information charged that the defendant "engaged in sexual intercourse with another person and such other person was under the age of sixteen years of age . . . ." The trial court, at the request of the state and with the defendant's express concurrence, instructed the jury that sexual assault in the fourth degree was a lesser included offense of sexual assault in the second degree. The jury returned a verdict of not guilty of sexual assault in the second degree and of guilty of sexual assault in the fourth degree in violation of General Statutes § 53a-73a (a) (1) (A). The defendant moved, after the verdict, for

[1] General Statutes § 53a-73a provides in relevant part: "(a) A person is guilty of sexual assault in the fourth degree when: (1) Such person intentionally subjects another person to sexual contact who is (A) under fifteen years of age . . . ." Sexual assault in the fourth degree is a misdemeanor.

[2] General Statutes § 53a-71 provides in relevant part: "(a) A person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and such other person is (1) under sixteen years of age . . . ." Sexual assault in the second degree is a felony.

[3] The second count of the information charged the defendant with risk of injury to a child in violation of General Statutes § 53-21. Although the jury found the defendant guilty of this charge, the trial court granted the defendant's motion for judgment of acquittal, finding that there was insufficient evidence to support the conviction. The Appellate Court reversed the trial court, concluding that the evidence was sufficient, and remanded the case to the trial court with direction to reinstate the verdict of guilty on the second count. *State* v. *Sirimanochanh,* 26 Conn. App. 625, 638, 602 A.2d 1029 (1992). The Appellate Court's judgment on the count of risk of injury to a child was not part of our certification; see footnote 5, infra; and therefore is not before us.

a judgment of acquittal on the conviction of sexual assault in the fourth degree, claiming that there was insufficient evidence to support the conviction and arguing for the first time that sexual assault in the fourth degree is not a lesser included offense of sexual assault in the second degree. The trial court granted the motion for judgment of acquittal, holding that there was insufficient evidence.

Thereafter, with permission from the trial court pursuant to General Statutes § 54-96, the state appealed to the Appellate Court. The Appellate Court affirmed the trial court's judgment of acquittal on the charge of sexual assault in the fourth degree on the alternative ground that sexual assault in the fourth degree is not a lesser included offense of sexual assault in the second degree. The Appellate Court did not consider whether the defendant had waived his claim that sexual assault in the fourth degree is not a lesser included offense of sexual assault in the second degree,[4] and did not reach the sufficiency of the evidence claim. *State v. Sirimanochanh,* 26 Conn. App. 625, 634, 602 A.2d 1029 (1992). We granted certification on the aforesaid

---

[4] Construing *State v. Hahn,* 207 Conn. 555, 541 A.2d 499 (1988), and *State v. Scognamiglio,* 202 Conn. 18, 519 A.2d 607 (1987), to require an amendment to the information pursuant to Practice Book § 624, the Appellate Court never considered whether the defendant's agreement to the instruction on the lesser included offense amounted to his waiver of the claim. *State v. Sirimanochanh,* 26 Conn. App. 625, 638 n.11, 602 A.2d 1029 (1992). The Appellate Court's reliance on these cases is misplaced. In *State v. Scognamiglio,* supra, the state never amended the information pursuant to § 624. Nevertheless, we held that the trial court did not violate the defendant's constitutional rights when it expanded the information at the request of the defendant by including in its instructions an additional method of committing the same crime. Id., 21–24. In *State v. Hahn,* supra, 564–65, the decision did not turn on the state's failure to amend the information, but on the defendant's vigorous exception to the enlargement of the information to include an alternative method of committing the crime and to those portions of the trial court's instructions that went beyond the crime specifically charged in the information.

waiver issue.[5] *State* v. *Sirimanochanh,* 221 Conn. 917, 603 A.2d 748 (1992). We conclude that the defendant waived his lesser included offense claim; therefore, we reverse and remand this case to the Appellate Court for a determination of whether the evidence was sufficient to support a conviction of sexual assault in the fourth degree.

The following facts are pertinent to the issue of waiver. At the close of the state's case, the defendant moved for a judgment of acquittal on the charge of sexual assault in the second degree, claiming that the evidence was insufficient to support a conviction. In response, the state argued that even if there was insufficient evidence for the jury to find the defendant guilty of sexual assault in the second degree "they certainly might be able to find the lesser included Sexual Assault four." The trial court on its own requested legal argument as to whether sexual assault in the fourth degree is a lesser included offense of sexual assault in the second degree. The court denied without prejudice the motion for judgment of acquittal.

At the close of the evidence, the defendant renewed his motion for a judgment of acquittal, again arguing that the evidence was insufficient to support a conviction of sexual assault in the second degree. The trial court reserved decision on the motion. The trial court's instructions to the jury included the charge that sexual assault in the fourth degree is a lesser included offense of sexual assault in the second degree. The defendant did not object or take an exception to this charge. In fact, the record indicates that the court held

[5] We certified the following issue: "Under the facts of this case, did the Appellate Court properly determine that the defendant had not waived the claim that sexual assault in the fourth degree is not a lesser included offense of sexual assault in the second degree?" *State* v. *Sirimanochanh,* 221 Conn. 917, 603 A.2d 748 (1992).

a charging conference with counsel[6] in chambers on Friday, June 8, 1990, prior to final arguments to the jury. Although the record is silent as to the details of this conference, the defendant's appellate counsel, who was cocounsel at trial, conceded during argument before the Appellate Court that they had agreed with the state during the conference that sexual assault in the fourth degree is a lesser included offense of sexual assault in the second degree.[7]

Not until after the jury returned its verdict did the defendant, during the argument on his motion for judgment of acquittal, first claim that sexual assault in the fourth degree is not a lesser included offense of sexual assault in the second degree. Indeed, at that argument, the trial judge responded as follows: "That's why we had a conference Friday and at the conference you agreed with the State's claim that Sexual Assault in the fourth degree is a lesser included offense of Sexual Assault in the second degree, and I don't think it's the court's place, under the circumstances, to debate,

---

[6] Practice Book § 854A provides: "Before the closing arguments, the judicial authority shall, if requested, inform counsel of the general tenor of the instructions it proposes to give."

[7] The following exchange occurred during argument before the Appellate Court:

"[Defense Counsel]: There was a conference the Friday before the charge was given. . . . [E]verybody agreed to let the lesser included offense—let sexual assault four come in as a lesser included offense.

* * *

"[The Court]: [T]his resulted from a conference in the trial court's chambers, and everyone was—defense counsel was present also?

"[Defense Counsel]: And we did. We all looked. We went through the case, and we couldn't find anything on point. And at that point there was an agreement. And then Judge Gray later on sua sponte decided that he did make an error.

"[The Court]: So it was more than just a request from the State's Attorney?

"[Defense Counsel]: It was an agreement.

"[The Court]: It was an agreement which included defense counsel?

"[Defense Counsel]: Yes, Your Honor."

argue, suggest, with you that you're wrong and the State is wrong. You both agreed upon it. So, I'll let it be." Trial counsel responded: "Post verdict, simply raising it for the record now and I don't believe it's a lesser included and never should be—the information— it's not charged in the long form information."

We agree with the Appellate Court that sexual assault in the fourth degree is not a lesser included offense of sexual assault in the second degree. A crime is not a lesser included crime unless it meets the four criteria set forth in *State* v. *Whistnant,* 179 Conn. 576, 588, 427 A.2d 414 (1980).[8] At issue in the present case is the second requirement, which specifies that a crime is not a lesser included crime unless "it is not possible to commit the greater offense, in the manner described in the information or bill of particulars, without having first committed the lesser . . . ." Id. Simply put, for purposes of this case, the lesser offense must not require an element that is not necessary in order to commit the greater offense. *State* v. *Castro,* 196 Conn. 421, 428, 493 A.2d 223 (1985).

The Appellate Court correctly found in this case that "sexual assault in the fourth degree is not a lesser included offense of sexual assault in the second degree, but is, rather, a separate offense. Sexual assault in the fourth degree requires proof of the element of sexual

_____

[8] "A defendant is entitled to an instruction on a lesser offense if, and only if, the following conditions are met: (1) an appropriate instruction is requested by either the state or the defendant; (2) it is not possible to commit the greater offense, in the manner described in the information or bill of particulars, without having first committed the lesser; (3) there is some evidence, introduced by either the state or the defendant, or by a combination of their proofs, which justifies conviction of the lesser offense; and (4) the proof on the element or elements which differentiate the lesser offense from the offense charged is sufficiently in dispute to permit the jury consistently to find the defendant innocent of the greater offense but guilty of the lesser." *State* v. *Whistnant,* 179 Conn. 576, 588, 427 A.2d 414 (1980).

contact for the purpose of sexual gratification of the actor or degradation or humiliation of the victim, whereas sexual assault in the second degree has no such element. The latter crime requires proof of sexual intercourse whereas the former crime does not. Each crime, therefore, requires proof of an element that the other does not." *State* v. *Sirimanochanh,* supra, 26 Conn. App. 637.[9] Likewise, we recently held in *State* v. *Milardo,* 224 Conn. 397, 417, 618 A.2d 1347 (1993), that attempted sexual assault in the third degree in violation of General Statutes § 53a-72a is not a lesser included offense of attempted sexual assault in the first degree in violation of General Statutes § 53a-70 because the former requires proof of "an additional element not found in the crime of attempted sexual assault in the first degree, namely, proof that the defendant intended to compel sexual contact for the purpose of either the sexual gratification of the actor or the humiliation or degradation of the victim."

Nevertheless, the record is clear that the defendant specifically agreed with the state that the trial judge should charge the jury that sexual assault in the fourth degree is a lesser included offense of sexual assault in the second degree. We have long held that a party "cannot ordinarily claim error in the action of the trial court which he [or she] has induced." *State* v. *Ross,* 189 Conn. 42, 47, 454 A.2d 266 (1983). In *State* v. *Scognamiglio,* 202 Conn. 18, 25, 519 A.2d 607 (1987), where the defendant filed a written request to charge that sought an instruction on a method of committing a crime different from that of the charging document, we held the following: "The defendant's request is tantamount to his express consent to amend the indict-

---

[9] General Statutes § 53a-65 (3) provides: " 'Sexual contact' means any contact with the intimate parts of a person not married to the actor for the purpose of sexual gratification of the actor or for the purpose of degrading or humiliating such person . . . ."

ment and charge on that ground. It seems a bit disingenuous for the defendant to claim that the trial court committed error by instructing the jury on [the alternate ground for committing the crime] when he requested an instruction on that very issue. At least, where no constitutional rights are violated, when an accused requests in writing that an issue be submitted to the jury, he cannot, on appeal, claim error in its submission." We discern no difference between the request to charge filed by the defendant in *State* v. *Scognamiglio,* supra, and the specific agreement by defense counsel in this case. See *State* v. *Hahn,* 207 Conn. 555, 564, 541 A.2d 499 (1988).

The defendant also argues that his due process rights under the fourteenth amendment to the constitution of the United States have been compromised because he did not have notice of the charge and an opportunity to defend against it. "No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal." *Cole* v. *Arkansas,* 333 U.S. 196, 201, 68 S. Ct. 514, 92 L. Ed. 644 (1948).

The defendant's constitutional claim is not tenable under the facts of this case. The defendant claims that he was prejudiced by a lack of notice because he was not prepared to defend on the element of sexual gratification, which is required for sexual assault in the fourth degree. Putting aside his express agreement to an instruction on the lesser included offense, the defendant's defense at trial was that he did not engage in any sexual conduct with the victim. If the jury had credited his defense, he would have been acquitted of sexual assault in the second degree and sexual assault in the fourth degree. *State* v. *Franko,* 199 Conn. 481, 491,

508 A.2d 22 (1986). Moreover, there is nothing in the record to suggest that he would have changed his defense in any way had the state included the charge of sexual assault in the fourth degree in the information. Id.

Finally, the defendant claims that there was a duty on the part of the trial court to reject the agreement regarding the lesser included offense. The trial court does have an obligation to do justice and to be vigilant and vigorous in protecting individuals. "A trial judge is not a mere passive spectator at the trial." *Gantner* v. *Gantner,* 39 Cal. 2d 272, 278, 246 P.2d 923 (1952). This is not a case, however, in which the defendant merely acquiesced to the state's request for a charge on the lesser included offense. Rather, the record in this case discloses that the defendant specifically agreed to the charge on the lesser included offense. When a defendant makes an obvious tactical decision to consent to the advantageous inclusion of a misdemeanor charge as a lesser included offense to a felony charge, as in the present case, the defendant should not now be heard to complain that the court on its own should have rejected the agreement.

In sum, because the defendant expressly consented to having the court charge the jury that sexual assault in the fourth degree is a lesser included crime of sexual assault in the second degree, he waived his right to claim otherwise. The inquiry, however, as to whether the defendant is guilty of the crime of sexual assault in the fourth degree does not end here. The Appellate Court did not consider the validity of the trial court's ruling setting the verdict aside on the ground of the insufficiency of the evidence to convict the defendant of sexual assault in the fourth degree.

The judgment is reversed and the case is remanded to the Appellate Court for further proceedings in accordance with this opinion.

In this opinion the other justices concurred.