STATE OF CONNECTICUT *v.* KOUNGTHONG
SIRIMANOCHANH
(9352)

DUPONT, C. J., O'CONNELL and FOTI, Js.

Submitted on briefs March 2—decision released June 1, 1993

*Donald A. Browne,* state's attorney, and *Marjorie Allen Dauster* and *Gerard Eisenman,* assistant state's attorneys, filed a brief for the appellant (state).

*Sandra P. Lax* filed a brief for the appellee (defendant).

DUPONT, C. J. Our Supreme Court remanded this criminal case to this court, after granting the state's petition for certification,[1] to determine whether the

---

[1] On the initial appeal, we had affirmed the trial court's judgment of acquittal on the charge of sexual assault in the fourth degree because sexual assault in the fourth degree is not a lesser included offense of sexual assault in the second degree and the defendant had not been charged with sexual assault in the fourth degree. *State* v. *Sirimanochanh,* 26 Conn. App. 625, 602 A.2d 1029 (1992). Our Supreme Court granted the state's petition for certification on an issue that we did not consider, namely, whether the defendant had waived his claim that the crimes are separate ones, rather than being lesser and greater offenses. *State* v. *Sirimanochanh,* 221 Conn. 917, 603 A.2d 748 (1992). Our Supreme Court held that, although we had correctly determined that sexual assault in the fourth degree is not a lesser included offense of the crime of sexual assault in the second degree, the defendant had waived that claim at trial. Since the judgment of acquittal could no longer stand on that basis, it became necessary to determine whether the evidence was sufficient to convict on the charge of sexual assault in the fourth degree. *State* v. *Sirimanochanh,* 224 Conn. 656, 620 A.2d 761 (1993).

trial court was correct when it set aside a jury verdict finding the defendant guilty of sexual assault in the fourth degree. *State* v. *Sirimanochanh,* 224 Conn. 656, 620 A.2d 761 (1993). This determination rests on whether the evidence was sufficient for a conviction on that charge.

General Statutes § 53a-73a provides in relevant part: "(a) A person is guilty of sexual assault in the fourth degree when: (1) Such person intentionally subjects another person to sexual contact who is (A) under fifteen years of age . . . ." General Statutes § 53a-65 (3) provides: " 'Sexual contact' means any contact with the intimate parts of a person not married to the actor for the purpose of sexual gratification of the actor or for the purpose of degrading or humiliating such person . . . ."

The jury reasonably could have found that at the time of the alleged offense the victim was four years old, and that she had gone next door to play with a friend, the nephew of the defendant. The victim knocked on the friend's door and the defendant asked the victim to come in. When they were in the living room, the defendant told her to kneel down. The defendant then lowered her pants and underpants to her ankles and the defendant, in the words of the victim, "put my crotch into his crotch" and "his peepee in my peepee." She testified that the defendant's penis was standing straight and that later the defendant got a paper towel, wet it with cold water and wiped her crotch with it. Forensic tests indicated that antigenic substances that were present in the defendant's blood and semen were also present in a stain found in the crotch of the victim's underpants and that only 4 percent of the population has this blood type. The victim did not have this blood type. Spermatozoa were present in the stain but it was not determined whether the spermatozoa were human or animal.

The defendant denied having any sexual contact with the victim, testifying that, although the victim had come to his house to play with his nephew, she had left when he told her that her playmate was not at home. There were also inconsistencies in the victim's testimony. It was for the jury, however, to decide whether to believe all or a part of a witness' testimony and to determine the credibility of the witnesses. *State* v. *McCarthy,* 197 Conn. 166, 179, 496 A.2d 190 (1985). When a claim of insufficiency of the evidence is made, an appellate court is not concerned with the credibility of the witnesses but need only decide whether there was evidence from which the jury could conclude that the defendant was guilty beyond a reasonable doubt. Id.

Our review of the record reveals that there was sufficient evidence from which the jury could conclude that the defendant had intentionally subjected a four year old child to sexual contact with the intimate parts of her person for the purpose of the sexual gratification of the defendant.

The judgment of acquittal of sexual assault in the fourth degree is reversed and the case is remanded to the trial court with direction to render judgment reinstating the conviction on the charge of violating General Statutes § 53a-73a.

In this opinion the other judges concurred.