[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR ACQUITTAL
The defendant, Patrick Collins, has filed a motion for acquittal pursuant to Practice Book § 42-51. The defendant was convicted by a jury of one count of murder. The defendant claims that the evidence does not reasonably permit a finding of guilty beyond a reasonable doubt because the verdict was based on insufficient evidence and the verdict goes against the weight of the evidence. The defendant asks the court to enter a judgment of acquittal or enter a guilty verdict for the lesser included offense of manslaughter in the first degree.[1]
CT Page 5146
"In ruling on a motion for judgment of acquittal, the trial court must determine whether a rational trier of fact could find the crime proven beyond a reasonable doubt." State v. Kirker,47 Conn. App. 612, 619, 707 A.2d 303, cert. denied,244 Conn. 914, 713 A.2d 831 (1998). As the defendant noted in his motion for acquittal, "the court has an inherent power to set verdicts aside." State v. Avcollie, 178 Conn. 450, 456, 423 A.2d 118
(1979), cert. denied, 444 U.S. 1015, 100 S.Ct. 667,62 L.Ed.2d 645 (1980), on appeal after remand, 188 Conn. 626, 453 A.2d 418
(1982), cert. denied, 461 U.S. 928, 103 S.Ct. 2088,77 L.Ed.2d 299 (1983). That power, however, is limited to a supervisory function.
"The court serves a supervisory function vis-a-vis the jury in this situation: In passing upon a motion to set aside a verdict, the trial judge must do just what every juror ought to do in arriving at a verdict. The juror must use all his experience, his knowledge of human nature, his knowledge of human events, past and present, his knowledge of the motives which influence and control human action, and test the evidence in the case according to such knowledge and render his verdict accordingly. A juror who did not do this would be remiss in his duty. The trial judge in considering the verdict must do the same, or fail in the discharge of that function which the law has' laid upon him; and if, in the exercise of all his knowledge from this source, he finds the verdict to be so clearly against the weight of the evidence in the case as to indicate that the jury did not correctly apply the law to the facts in evidence in the case, or were governed by ignorance, prejudice, corruption or partiality, then it is his duty to set aside the verdict. (Internal quotation marks omitted.) State v. Avcollie, supra,178 Conn. 456.
"A determination of whether the evidence could reasonably support a finding of guilt beyond a reasonable doubt does not require a court to ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt . . . Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty CT Page 5147 of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review all of the evidence is to be considered in the light most favorable to the prosecution." (Internal quotation marks omitted.) State v. Sirimanochanh, 26 Conn. App. 625, 639,602 A.2d 1029 (1992), rev'd on other grounds, 224 Conn. 656,620 A.2d 761 (1993); Jackson v. Virginia, 443 U.S. 307, 318-19,99 S.Ct. 2781, 61 L.Ed.2d 560, rehearing denied, 444 U.S. 890,100 S.Ct. 195, 62 L.Ed.2d 126 (1979). See also, 200 Conn. 685, 688,513 A.2d 71 (1986).
"[I]n viewing evidence which could yield contrary inferences, the jury is not barred from drawing those inferences consistent with guilt and is not required. to draw only those inferences consistent with innocence." State v. Brown,235 Conn. 502, 510-11, 668 A.2d 1288 (1995).
"As [the Connecticut courts] have often noted, proof beyond a reasonable doubt does not mean proof beyond all possible doubt . . . nor does proof beyond a reasonable doubt require acceptance of every hypothesis of innocence posed by the defendant that, had it been found credible by the [jury], would have resulted in an acquittal. . . . It is also the absolute right and responsibility of the jury to weigh conflicting evidence and to determine the credibility of the witnesses." State v.Jacques, 53 Conn. App. 507, 521, 733 A.2d 242 (1999). "The evidence must be given a construction which is most favorable to the sustaining of the jury's verdict." (Citations omitted.)State v. Avcollie, supra, 178 Conn. 461. "The inquiry of this court is directed to whether, on the facts established and the inferences reasonably to be drawn therefrom, the verdict can be supported." Id., 470.
Thus, the court must review the facts presented through the trial and trial testimony. The defendant, Patrick Collins, testified that he was involved in a heated and tumultuous physical altercation with the deceased, his stepfather. The altercation involved the deceased striking the defendant numerous times, and the defendant responding by using a pocketknife on the deceased. After a brief separation, and an intervening telephone call from the defendant's girlfriend, the altercation again ensued with the defendant being chased around a kitchen table. The defendant further testified that he took an "eight inch" kitchen knife with the result of a stab wound to the deceased's abdomen, eight and one half inches deep, causing the death of James Divirgilio. CT Page 5148
The defendant's motion for judgment of acquittal presents the facts and inferences that the jury could have drawn in the consideration of the evidence and his testimony. That presentation of facts and testimony is compiled in the March 21, 2000, motion for judgment of acquittal.
The jury, in its consideration of the facts and evidence, however, could have chosen not to believe the testimony of certain witnesses, and considered the evidence that is consistent with its verdict. State v. Ortiz, 252 Conn. 533, 572, ___ A.2d ___ (2000); State v. Raquseo, 225 Conn. 114, 122,622 A.2d 519 (1993). The jury may have decided that the defendant's testimony was contradicted by physical evidence and the testimony of other witnesses.
The defendant directs the court's attention to State v.Carpenter, 214 Conn. 77, 570 A.2d 203, on appeal after remand,220 Conn. 169, 595 A.2d 881 (1991), cert. denied, 502 U.S. 1034,112 S.Ct. 877, 116 L.Ed.2d 781 (1992), for support of the legal principles that a conclusion of guilt requires proof beyond a reasonable doubt, and proof to that extent is proof which precludes every reasonable hypothesis except that which tends to support and is consistent with the defendant's guilt and inconsistent with any other rational conclusion.
The jury's verdict viewed in the light most favorable to sustaining the verdict is consistent with guilt as they considered the facts presented and which they chose to believe. Therefore, it is not inconsistent with any other rational conclusion.
The court must also take into consideration the importance of the right of an accused to be afforded a trial by a jury of his peers. This is a right guaranteed by the constitution of the United States and the constitution of Connecticut. The election of a jury trial is a right and a choice of the accused. "The decision to overturn a previously accepted jury verdict is not one to be taken lightly. After a jury verdict has been rendered and accepted, the State of Connecticut has a strong interest in protecting the integrity of the judicial process."State v. Portee, 55 Conn. App. 544, 567, 740 A.2d 868 (1999), cert. denied, 252 Conn. 920, 744 A.2d 439 (2000). See also,State v. Brown, supra, 235 Conn. 537.
 CONCLUSION
CT Page 5149
For the foregoing reasons, the defendant's motion for acquittal is denied.
____________________, J. FRANK M. D'ADDABBO