[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR JUDGMENT ACQUITTAL
The defendant, James Whitfield, on March 19, 2001, orally moved for Judgment Notwithstanding the Verdict. The Court will address this motion as a Motion for Judgment of Acquittal, Practice Book § 42-51.[1]
The defendant was convicted on that date on Count One of the Information, Sexual Assault in the First Degree § 53a-7 (a)(1) and Count Two of the Information, Risk of Injury to a Child, § 53-21
(2). The jury found the defendant not guilty on Count Three and Count Four of the Information.
The defendant's counsel did not articulate the grounds posed for his motion for Judgment of Acquittal, although the Court addresses the motion on the basis that is presented within § 42-51 of the Practice Book, which is that the evidence does not reasonably permit a finding of guilty CT Page 5741-cq beyond a reasonable doubt on Count One and Count Two of the Information.
"In ruling on a motion for judgment of acquittal, the trial court must determine whether a rational trier of fact could find the crime proven beyond a reasonable doubt." State v. Kirker, 47 Conn. App. 612, 619,707 A.2d 303, cert. denied, 244 Conn. 914, 713 A.2d 831 (1998). "[T]he court has an inherent power to set verdicts aside." State v. Avcollie,178 Conn. 450, 456, 423 A.2d 118 (1979), cert. denied, 444 U.S. 1015,100 S.Ct. 667, 62 L.Ed.2d 645 (1980), on appeal after remand, 138 Conn. 626,453 A.2d 418 (1982), cert. denied, 461 U.S. 928, 103 S.Ct. 2088,77 L.Ed.2d 299 (1983). That power, however, is limited to a supervisory function.
"The court serves a supervisory function vis-a-vis the jury in this situation: In passing upon a motion to set aside a verdict, the trial judge must do just what every juror ought to do in arriving at a verdict. The juror must use all his experience, "his knowledge of human nature, his knowledge of human events, past and present, his knowledge of the motives which influence and control human action, and test the evidence in the case according to such knowledge and render his verdict accordingly. A juror who did not do this would be remiss in his duty. The trial judge in considering the verdict must do the same, or fail in the discharge of that function which the law has laid upon him; and if, in the exercise of all his knowledge from this source, he finds the verdict to be so clearly against the weight of the evidence in the case as to indicate that the jury did not correctly apply the law to the facts in evidence in the case, or were governed by ignorance, prejudice, corruption or partiality, then it is his duty to set aside the verdict. (Internal quotations marks omitted.) State v. Avcollie, supra,178 Conn. 456.
"A determination of whether the evidence could reasonably support a finding of guilty beyond a reasonable doubt does not require a court to ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt . . . Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review all of the evidence is to be considered in the CT Page 5741-cr light most favorable to the prosecution." (Internal quotation marks omitted.) State v. Sirimanochanh, 26 Conn. App. 625, 640, 602 A.2d 1029
(1992), rev'd on other grounds, 224 Conn. 656, 620 A.2d 761 (1993); see also Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781,61 L.Ed.2d 560, rehearing denied, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126
(1979); State v. Rodriguez, 200 Conn. 685, 688, 513 A.2d 71 (1986).
"[I]n viewing evidence which could yield contrary inferences, the jury is not barred from drawing those inferences consistent with guilt and is not required to draw only those inferences consistent with innocence."State v. Brown, 235 Conn. 502, 510-11, 668 A.2d 1288 (1995).
"The inquiry of this Court is directed to whether, on the facts established and the inferences reasonably to be drawn therefrom, the verdict can be supported." State v. Avcollie, supra, 178 Conn. 470.
Thus, the Court must review the facts presented through the trial and trial testimony. The defendant was found guilty of Count One and Count Two of the Information. The complaining witness, Nicole, was a thirteen year old girl at the time of the incident. The Court's recollection of the testimony, which the jury heard directly through read back, indicated that on February 5, 1996, she was approached by the defendant at her school bus stop at the corner of Walnut and Wood Street. She knew the defendant through her church, the New Bethel Church of God and Christ, and had other contact with him. The defendant drove his vehicle to the bus stop asked her if she wanted a ride to school; she said yes. The defendant drove her to his residence, indicating that he was waiting for an important telephone call. The testimony presented indicated that the defendant drove to an apartment on Hillside Avenue. At that location, Nicole's testimony further indicated that the defendant did receive a telephone call, and that following the telephone call, he came into the livingroom where she was and proceeded to remove her clothing. Nicole's testimony contends that the defendant carried her to his bedroom, and removed her remaining articles of clothing. She covered her private area with her hands. The defendant proceeded to put her on his bed, and hold her hands down over her head. He then penetrated her vagina with his penis. Nicole's testimony further indicated that she was upset and that the defendant indicated that nobody would believe her if she told what happened. The testimony of her and her mother, Ms. Linda Goodman, indicated that there were changes in her behavior after the incident. Sometime after the February 5, 1996 incident, Nicole told a health teacher what had occurred on February 5, 1996, and later told her godmother, Alicia Anthony. This is only a portion of the testimony and evidence that exists which supports the jury's verdict. CT Page 5741-cs
The Court finds that though the entire evidence presented and the inferences reasonably to be drawn therefrom does reasonably permit a finding of guilty beyond a reasonable doubt to Count One of the Information, charging Sexual Assault in the First Degree in violation of § 53a-70 (a)(1); and Count Two of the Information charging Risk of Injury to a Child in violation of § 53-21 (2), both counts based on the allegations of Nicole:
Accordingly, the defendant's motion for Judgment for Acquittal is DENIED.
D'ADDABBO, J.