STATE OF CONNECTICUT *v.* EDWARD DENNISON, JR. (3489)

BORDEN, SPALLONE and BIELUCH, Js.

Argued May 9—decision released August, 12, 1986

*John J. Buckley,* for the appellant (defendant).

*Robert J. O'Brien,* assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (state).

BIELUCH, J. The defendant appeals from his conviction, after a jury trial, of one count of robbery in the third degree, a violation of General Statutes § 53a-136. The defendant claims that the court erred (1) in instructing the jury on robbery in the third degree as a lesser included offense of robbery in the first degree, a violation of General Statutes § 53a-134 (a) (3), and (2) in denying the defendant's three motions for a judgment of acquittal. We find no error.

The jury could reasonably have found the following facts. On November 22, 1983, Alfred P. Desjardin offered to drive home Charlene Ringwood, a customer of Desjardin's tobacco business in New Haven. In the course of taking her home, Desjardin stopped outside a house so that Ringwood could go inside briefly while he remained in his car. While he waited for Ringwood to return, a man got into Desjardin's car and threatened him with what appeared to be, and what the assailant stated was, a knife. The stranger then demanded Desjardin's money. After searching Desjardin's right hand pocket, he took approximately $980 which constituted the day's business receipts. The robber then instructed Desjardin to drive down the street. After a short ride, the robber shifted the car out of gear to stop it and disappeared on foot.

Ringwood, unaware that a robbery had occurred, returned to the street where she had gotten out of the car. After being informed of the robbery, she identified the person she had seen leaving the car as a man named "Eddy," whom she had known for approximately one year. After Ringwood called the police, she and Desjardin described the man to police officers. Ringwood positively identified a police photograph of the defendant as the assailant, although Desjardin was unable to do so. Subsequent to Ringwood's statement to the police and her identification of the defendant's photograph on the evening in question, she returned to the area where the robbery had occurred. There she saw the defendant, who offered to share the proceeds of the robbery with her.

The defendant was charged with the crime of robbery in the first degree, a violation of General Statutes § 53a-134 (a) (3). At the close of the trial, the state requested that the court charge the jury on robbery in the third degree as a lesser included offense. The court did so over the defendant's objection, after which the jury found the defendant guilty of the lesser charge.

The defendant's first claim of error is that the state was not entitled to a lesser included offense charge on robbery in the third degree since the element of the offense distinguishing robbery in the first degree as charged by the state from robbery in the third degree, namely, the defendant's use or threat to use a "dangerous instrument," was not in dispute at the trial. We disagree.

"A defendant is entitled to an instruction on a lesser offense if, and only if, the following conditions are met: (1) an appropriate instruction is requested by either the state or the defendant; (2) it is not possible to commit the greater offense, in the manner described in the information or bill of particulars, without having first

committed the lesser; (3) there is some evidence, introduced by either the state or the defendant, or by a combination of their proofs, which justifies conviction of the lesser offense; and (4) the proof on the element or elements which differentiate the lesser offense from the offense charged is *sufficiently in dispute* to permit the jury consistently to find the defendant innocent of the greater offense but guilty of the lesser." (Emphasis added.) *State* v. *Whistnant,* 179 Conn. 576, 588, 427 A.2d 414 (1980). It is the last of these four conditions which is at issue here.

The defendant asserts that he never attempted to dispute "that a knife is a dangerous weapon, or that a knife was possessed by the robber." We conclude, however, that whether or not he intended to dispute the use or threatened use of a dangerous instrument, a knife, as alleged in the information, that element of the offense was in dispute. Desjardin testified, on direct examination by the state's attorney, that "[the defendant] put something up against my side which he said was a knife." He stated further that "it looked like the handle of a knife but it was kind of dark but I mean that's what it looked like to me, and which he said." Furthermore, Desjardin also described the object as "blunt." On cross-examination by defense counsel, Desjardin testified that to the best of his knowledge no knife was ever recovered. He also said that neither he nor his clothing had been cut in any way. Ringwood testified on cross-examination by defense counsel that when the defendant got out of Desjardin's car, she did not see a knife. Additionally, Officer Francesco Ortiz, of the New Haven police department, on cross-examination by defense counsel testified that no knife was ever recovered during the investigation of this robbery. Under these circumstances, the jury could have reasonably found that the defendant did place some object against Desjardin's side, but the testimony was

far from clear for the jury to conclude whether that object was a knife. Thus, despite the defendant's claim in this court that he did not dispute that element of the crime of robbery in the first degree, there was a factual dispute in the case regarding whether the defendant had used or threatened to use a "dangerous instrument" in the course of committing the robbery. The state was, therefore, entitled to a jury instruction on the lesser included offense of robbery in the third degree, a charge which did not require proof of the distinguishing element of the use or threatened use of a dangerous instrument for conviction.

The defendant's second claim of error is that the trial court erred in denying his three motions for judgment of acquittal which were made at the close of the state's case, at the close of the defendant's case and after the jury returned its verdict, respectively. The first two motions disputed whether or not the state had met its burden of proof with respect to the charged offense of robbery in the first degree. The third disputed the jury's verdict finding the defendant guilty of robbery in the third degree since, he claimed, there was insufficient evidence upon which to convict him of that crime. Such motions should only be granted when "the evidence would not reasonably permit a finding of guilty." Practice Book § 883. The brief synopsis of the evidence which we have recited should suffice to demonstrate that the evidence presented was more than adequate to preclude the granting of the defendant's motions.

There is no error.

In this opinion the other judges concurred.