STATE OF CONNECTICUT *v.* BOOKER T. TORRENCE
(13242)

DUPONT, C. J., and FOTI and SPEAR, Js.

---

Argued December 8, 1994—decision released April 11, 1995

*Louis S. Avitabile,* special public defender, with whom, on the brief, was *Meryl Anne Spat,* for the appellant (defendant).

*Ronald G. Weller,* deputy assistant state's attorney, with whom, on the brief, were *John Connelly,* state's attorney, and *John Davenport,* assistant state's attorney, for the appellee (state).

FOTI, J. The defendant appeals from the judgment of conviction,[1] rendered after a jury trial, of robbery

---

[1] The jury returned not guilty verdicts on a second count of robbery in the first degree in violation of General Statutes § 53a-134 (a) (4), and also on count three charging the defendant with larceny in the third degree in violation of General Statutes § 53a-124 (a) (1). These counts deal with an alleged incident that occurred as the defendant was leaving the store and the facts are not relevant to this appeal.

in the first degree in violation of General Statutes § 53a-134 (a) (4).[2] He was sentenced to a term of imprisonment of fourteen years, to be served consecutive to a sentence the defendant was then serving. The defendant claims that (1) the evidence was insufficient to support his conviction of robbery in the first degree, and (2) the trial court improperly denied his request to charge the jury on a claimed lesser included offense of larceny in the sixth degree. We affirm the judgment of the trial court.

The jury could reasonably have found the following facts. On May 25, 1993, at approximately 7:30 a.m., the defendant and a second man walked into the Coastal convenience store located on Meriden Road in Waterbury. The second man walked to the side of the cash register and the defendant walked to the counter where he told the store manager to "give him everything in the cash register." The manager looked at the defendant and asked him if he was joking. The defendant's face became stern and he took an opaque plastic bag out from under his jacket and pointed it from his hip. The outline of a tubular object protruded through the bag. The defendant again demanded the money in the cash register. The store manager gave him all of the money, which amounted to a sum between $75 and $275. The two men then left the store. The incident was recorded by the store video surveillance camera.

I

The defendant first claims that the evidence was insufficient for the jury to have found him guilty of robbery in the first degree. He does not argue that he was

[2] General Statutes § 53a-134 (a) provides in relevant part: "A person is guilty of robbery in the first degree when, in the course of the commission of the crime of robbery as defined in section 53a-133 . . . he . . . (4) displays or threatens the use of what he represents by his words or conduct to be a . . . firearm . . . ."

not the person who took the money from the counter after showing the plastic bag with the tube-shaped object in or under it. Rather, he argues that the evidence was insufficient for the jury to have been able to find, beyond a reasonable doubt, that he represented by his conduct that he was threatening the use of a firearm. We do not agree.

"When reviewing sufficiency of the evidence claims, we impose a two part analysis. First, we construe the evidence in the light most favorable to sustaining the verdict. . . . Second, we determine whether, from that evidence and all the reasonable inferences which it yields, a [trier of fact] could reasonably have concluded that the defendant was guilty beyond a reasonable doubt." (Citations omitted; internal quotation marks omitted.) *State* v. *Rivera*, 32 Conn. App. 193, 200–201, 628 A.2d 996, cert. denied, 227 Conn. 920, 632 A.2d 698 (1993). " 'In this process of review, it does not diminish the probative force of the evidence that it consists, in whole or in part, of evidence that is circumstantial rather than direct.' " *State* v. *Salz*, 226 Conn. 20, 31, 627 A.2d 862 (1993). "The jury's function as the trier of fact is to draw all reasonable and logical inferences from the facts as it finds them to exist." *State* v. *Wideman*, 36 Conn. App. 190, 203, 650 A.2d 571 (1994), cert. denied, 232 Conn. 903, 653 A.2d 192 (1995). As a reviewing court, we must decide whether, on the facts established and inferences that could be reasonably drawn from those facts, the jury could reasonably have concluded that the cumulative effect of the evidence established the defendant's guilt beyond a reasonable doubt. *State* v. *Jarrett*, 218 Conn. 766, 770–71, 591 A.2d 1225 (1991).

We agree that the jury may not resort to speculation and conjecture in drawing inferences from circumstantial evidence; *State* v. *Osman*, 218 Conn. 432, 437, 589 A.2d 1227 (1991); and that "inferences which do

not have a basis in facts established by the evidence cannot be drawn or relied upon to sustain a verdict." *State* v. *Jackson*, 176 Conn. 257, 264, 407 A.2d 948 (1978). We do not, however, agree that the evidence in this case fails to establish that the defendant threatened the use of what he represented by his conduct to be a firearm.

Section 53a-134 (a) (4) provides that "[a] person is guilty of robbery in the first degree when, in the course of the commission of the crime of robbery . . . he . . . displays or threatens the use of what he represents by his words or conduct to be a . . . firearm . . . ." The evidence of the defendant's conduct demonstrated that the defendant took an opaque plastic bag out from under his jacket. The bag had a tubular object protruding from it that could easily be said to have been intended to represent the barrel of a gun. The defendant pointed the bag in the direction of the store manager. The jury also had before it a videotape of the incident. This evidence was more than sufficient for the jury to have reasonably inferred that the defendant at least wanted the store manager to believe that he had a firearm.

The defendant argues that if the object was pointed, it was pointed at the counter and not at the store manager. The pointing, whether at the counter or at the victim, took place from the hip. Jurors do not live in a fishbowl. The defendant's stern look and his motion with the bag, under the circumstances as they existed, may properly have been considered factors consistent with the representation and threatened use of a firearm. The test is not whether the defendant actually had a firearm; *State* v. *Arena*, 33 Conn. App. 468, 476, 636 A.2d 398 (1994); but whether he displayed or threatened the use of what he represented by his conduct to be a firearm. General Statutes § 53a-134 (a) (4). There is no requirement that the threat be explicitly uttered.

*State* v. *Littles*, 31 Conn. App. 47, 54, 623 A.2d 500, cert. denied, 227 Conn. 902, 630 A.2d 72 (1993).

The defendant argues that the victim was not allowed to testify as to whether he thought the tube-shaped object in the bag was a gun.[3] The defendant asserts that if the victim was not allowed to speculate as to what the object was, the jury could not, "on the same evidence . . . have concluded beyond a reasonable doubt that the defendant specifically threatened the use of a firearm." We find this argument to be without merit. What the victim thought had no relevance to the issue, and the jury did not have to speculate as to whether the defendant actually had a gun. The jury had to find proven beyond a reasonable doubt only that the defendant displayed or threatened the use of an object that he represented by his conduct to be a firearm. The jury's determination in this regard did not require a leap of faith not founded in the evidence.

The facts of this case are similar to the facts in the cases of *State* v. *Arena*, supra, 33 Conn. App. 468, and *State* v. *Bell*, 188 Conn. 406, 450 A.2d 356 (1982). In *Arena*, the defendant entered a convenience store, pointed an object inside a plastic bag at the clerk, and demanded money. The victim testified that she thought the object in the opaque plastic bag looked like a gun and that it was round and about fifteen or sixteen inches long. We noted that "based on the way the defendant held the object in the bag, the jury could reasonably have inferred that the defendant either carried a firearm or wanted the store clerk to think he had a firearm." *State* v. *Arena*, supra, 477. In *Bell*, no firearm was actually seen, but the victims did see an object bulging from under the defendant's sweatshirt, which was pointed at them. Some of the victims described it

---

[3] The defendant's objection to the victim's testimony on this point was sustained.

as big and long, concluding that it was a gun or firearm of some sort. *State* v. *Bell*, supra, 414–15. While not necessary for the jury's determination, the jury here could reasonably have inferred that the victim did indeed think that the defendant had a firearm.

On the basis of the facts, as could reasonably be found, and the reasonable and logical inferences that the jury could draw from those facts, we conclude that there was sufficient evidence to maintain the defendant's conviction on the charge of robbery in the first degree.

## II

The defendant claims that the trial court improperly denied his request to charge on a lesser included offense of larceny in the sixth degree.[4] Specifically, he argues that the evidence relating to whether he threatened the use of immediate physical force and whether he represented by his conduct the threatened use of a firearm was sufficiently in dispute so as to warrant a charge on the lesser included offense.

The test for determining when the defendant is entitled to a charge on a lesser included offense was set forth in *State* v. *Whistnant*, 179 Conn. 576, 588, 427 A.2d 414 (1980). "A defendant is entitled to an instruction on a lesser included offense if, and only if, the following conditions are met: (1) an appropriate instruction is requested by either the state or the defendant; (2) it is not possible to commit the greater

---

[4] General Statutes § 53a-125b (a) provides in relevant part: "A person is guilty of larceny in the sixth degree when he commits larceny as defined in section 53a-119 and the value of the property . . . is two hundred fifty dollars or less."

General Statutes § 53a-119 defines "larceny" as follows: "A person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner. . . ."

offense, in the manner described in the information or bill of particulars, without having first committed the lesser; (3) there is some evidence, introduced by either the state or the defendant, or by a combination of their proofs, which justifies conviction of the lesser offense; and (4) the proof on the element or elements which differentiate the lesser offense from the offense charged is sufficiently in dispute to permit the jury consistently to find the defendant innocent of the greater offense but guilty of the lesser." Id. The state argues that the defendant has not satisfied the fourth condition of the *Whistnant* test. We agree.

"In determining whether the defendant was entitled to a lesser included offense charge, we view the evidence in a light most favorable to the defendant's request. . . . Evidence is sufficiently in dispute where it is of such a factual quality that would permit the finder of fact reasonably to find the defendant guilty on the lesser included offense. This requirement serves to prevent a jury from capriciously convicting on the lesser included offense when the evidence requires either conviction on the greater offense or acquittal. . . . Nonetheless, jurors are supposed to reach their conclusions on the basis of common sense, common understanding and fair beliefs, grounded on evidence . . . from which inferences can fairly be drawn. . . . They should not be encouraged to engage in speculation." (Citations omitted; internal quotation marks omitted.) *State* v. *Montanez*, 219 Conn. 16, 22–23, 592 A.2d 149 (1991); see *State* v. *Manley*, 195 Conn. 567, 579, 489 A.2d 1024 (1985).

The element that differentiates robbery in the first degree under General Statutes § 53a-134 (a) (4) and larceny in the sixth degree is the threatened use of what was represented by the defendant through his conduct to be a firearm. This element was not sufficiently in dispute at trial to permit the jury to find the defend-

ant innocent of the greater offense but guilty of the lesser offense. As discussed in part I of this opinion, the evidence at trial showed that on the day of the robbery, the defendant walked into the Coastal convenience store and demanded that the store manager "give him everything in the cash register." When the manager did not initially comply, the defendant's face became stern and he pulled out a plastic bag with a tubular object protruding through it. The defendant then repeated his demand for money. This testimony was supported by the videotape from the store's surveillance camera. While the defendant argued, during closing argument, that these actions did not sufficiently portray the use or threatened use of a firearm, he failed to present any evidence that put these facts in dispute. Common sense and common understanding would preclude the conclusion that the conduct of the defendant was, in any way, inconsistent with the threatened use of what was represented to be a firearm. Given this evidence, the jury could not consistently find the defendant innocent of robbery in the first degree and guilty of larceny in the sixth degree.

The defendant relies on *State* v. *Dennison*, 8 Conn. App. 454, 513 A.2d 184, cert. denied, 201 Conn. 812, 517 A.2d 630 (1986), to support his argument that a lesser included instruction should have been given. In *Dennison*, the defendant was convicted of violating § 53a-134 (a) (3), which deals with the commission of a robbery while using or threatening the use of a dangerous instrument. Id., 455. In that case, the defendant put something up against the victim while demanding money, but the victim could not tell whether the defendant did, in fact, have a dangerous instrument. Id., 457–58. On the basis of that testimony, this court concluded that the trial court properly instructed the jury on the lesser included offense of robbery in the third degree since the element of the actual use of a danger-

ous instrument was sufficiently in dispute. Id., 457. *Dennison* is distinguishable from the present case because this case involves a violation of § 53a-134 (a) (4), which deals with the commission of a robbery while displaying or threatening the use of what is represented to be a firearm. Unlike in *Dennison*, the state was not required to prove the actual possession of a firearm in this case. It was required to prove only that the defendant's conduct established the threatened use of what he represented to be a firearm, and, as discussed above, that element was not sufficiently in dispute to permit the jury consistently to find the defendant innocent of the greater offense but guilty of the lesser offense.

The trial court stated that "the existing evidentiary record does not satisfy the so-called fourth prong of *Whistnant*." We agree. We therefore conclude that the defendant was not entitled to a jury instruction on larceny in the sixth degree as a lesser included offense.

The judgment is affirmed.

In this opinion the other judges concurred.