STATE OF CONNECTICUT *v.* JAMES L. COLLINS
(AC 15675)

Landau, Spear and Healey, Js.

Argued January 28—officially released April 29, 1997

*Joseph G. Bruckmann*, public defender, for the appellant (defendant).

*Leon F. Dalbec, Jr.*, assistant state's attorney, with whom, on the brief, were *Eugene Callahan*, state's attorney, and *Maureen Vallerie Ornousky*, assistant state's attorney, for the appellee (state).

*Opinion*

SPEAR, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of one count of robbery in the first degree in violation of General

Statutes § 53a-134 (a) (3).[1] The defendant claims that the trial court improperly failed to charge the jury on larceny in the sixth degree by receiving stolen goods as a lesser included offense of robbery. We affirm the judgment of conviction.

The jury reasonably could have found the following facts. On the morning of November 21, 1994, approximately between 5:45 and 5:50 a.m., Robert Works parked his car at the train station on Manhattan Street in Stamford. Streetlights illuminated the area. Works proceeded toward the platform. After walking beneath a train bridge, he was grabbed from behind by the defendant. The defendant pointed a double-edged knife with a three to four inch blade at Works, demanding his money. Works handed the defendant his wallet, which contained, among other things, money, credit cards, a train pass and identification.

Works asked the defendant to take the money and to leave the train pass and wallet, but the defendant ran toward Atlantic Street with the wallet. Works called the police from his cellular phone while pursuing the defendant. Sergeant Ryan Devaney met Works within one minute. A possible suspect was questioned at 660 Atlantic Street, but Works could not identify the suspect as the robber. Devaney and Works continued to search the area.

Officer Thaddeus Colcott was also patrolling Atlantic Street in response to a radio dispatch concerning the incident. Near 660 Atlantic Street, he observed the defendant, who fit the description of the perpetrator. When Colcott approached, the defendant fled south

[1] General Statutes § 53a-134 (a) provides in relevant part: "A person is guilty of robbery in the first degree when, in the course of the commission of the crime of robbery as defined in section 53a-133 or of immediate flight therefrom, he or another participant in the crime . . . (3) uses or threatens the use of a dangerous instrument . . . ."

on Atlantic Street. Colcott notified headquarters and chased the defendant on foot. Devaney joined the chase and the defendant was apprehended.

Works was initially hesitant to make a positive identification of the defendant because he did not recognize the defendant's clothing. When Works did identify the defendant's face as that of the perpetrator, Devaney searched him. The defendant was in possession of a sum of money equal to that reported to have been in Works' wallet as well as Works' identification. Neither the wallet nor the knife were found in the defendant's possession. The entire incident, from the robbery to the identification of the defendant, lasted about fifteen minutes.

The relevant procedural history is as follows. On the final day of the criminal trial, the defendant submitted a request for a jury charge on the lesser included offense.[2] The trial court denied the request and charged only on robbery in the first degree. The jury rendered a guilty verdict, and the defendant was sentenced to an effective term of ten years imprisonment. This appeal followed.

The defendant claims that the trial court improperly denied his request to charge on larceny in the sixth degree[3] as a lesser included offense of robbery. The

___

[2] The request included the following proposed charge: "If the state has failed to convince you beyond a reasonable doubt that it was Mr. Collins who committed a robbery as I have previously defined that offense for you—you may then go on to consider whether the state has proven the lesser offense of larceny in the sixth degree. Under our law, a person can be found guilty of this offense if he receives or [retains] stolen property knowing that it has been stolen or believing that it has probably been stolen. As used here, the term 'receive' means to acquire possession or control of such property.

"Legal Basis: General Statutes §§ 53a-118 (a) (6), 53a-119 (8), 53a-133."

[3] General Statutes § 53a-125b (a) provides: "A person is guilty of larceny in the sixth degree when he commits larceny as defined in section 53a-119 and the value of the property or service is two hundred fifty dollars or less."

General Statutes § 53a-119 provides in relevant part: "A person commits

defendant contends that, as a matter of law, the identity of the perpetrator was sufficiently in dispute to permit the jury to find the defendant guilty of larceny, but innocent of robbery. We disagree.

"The law governing the right of a defendant to an instruction on a lesser included offense than that charged by the state is well established." *State* v. *Chance*, 236 Conn. 31, 54, 671 A.2d 323 (1996). "There is no fundamental constitutional right to a jury instruction on every lesser included offense; *State* v. *Whistnant*, 179 Conn. 576, 583, 427 A.2d 414 (1980); rather, the right to such an instruction is purely a matter of common law." (Internal quotation marks omitted.) *State* v. *Tomasko*, 238 Conn. 253, 260, 681 A.2d 922 (1996). "Connecticut law entitles a defendant to a lesser included offense charge if his request satisfies the four requirements set forth in *State* v. *Whistnant*, [supra, 588]." *State* v. *Crafts*, 226 Conn. 237, 250, 627 A.2d 877 (1993). The *Whistnant* requirements are as follows: "(1) an appropriate instruction is requested by either the state or the defendant; (2) it is not possible to commit the greater offense, in the manner described in the information or bill of particulars, without having first committed the lesser; (3) there is some evidence, introduced by either the state or the defendant, or by a combination of their proofs, which justifies conviction of the lesser offense; and (4) the proof on the element or elements which differentiate the lesser offense from the offense charged is sufficiently in dispute to permit the jury consistently to find the defendant innocent of the greater offense but guilty of the lesser." *State* v. *Whistnant*, supra, 588.

"In considering whether the defendant has satisfied the requirements set forth in *State* v. *Whistnant*, supra,

---

larceny when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner. . . ."

179 Conn. 588, we view the evidence in the light most favorable to the defendant's request for a charge on the lesser included offense." *State* v. *Tomasko,* supra, 238 Conn. 260. "Evidence is 'sufficiently in dispute' where it is of such a factual quality that would permit the finder of fact reasonably to find the defendant guilty on the lesser included offense. This requirement serves to prevent a jury from capriciously convicting on the lesser included offense when the evidence requires either conviction on the greater offense or acquittal. *State* v. *Manley,* 195 Conn. 567, 579, 489 A.2d 1024 (1985)." *State* v. *Montanez,* 219 Conn. 16, 23, 593 A.2d 149 (1991). "On appeal, an appellate court must reverse a trial court's failure to give the requested instruction if we cannot as a matter of law exclude [the] possibility that the defendant is guilty only of the lesser offense. *State* v. *Falby,* 187 Conn. 6, 30, 444 A.2d 213 (1982)." (Internal quotation marks omitted.) *State* v. *Arena,* 235 Conn. 67, 73–74, 663 A.2d 972 (1995).

The parties are at issue only on the fourth prong of the *Whistnant* test: whether the element of the crime of robbery that differentiates it from the lesser offense of larceny was sufficiently in dispute. The differentiating element of robbery is the use or threatened immediate use of physical force, in this case, the use or threatened immediate use of the knife. *State* v. *Tinsley,* 181 Conn. 388, 398, 435 A.2d 1002, cert. denied, 449 U.S. 1086, 101 S. Ct. 874, 66 L. Ed. 2d 811 (1981); *State* v. *Torrence,* 37 Conn. App. 482, 488–89, 657 A.2d 654 (1995). The defendant, however, does not dispute the existence of the knife. The defendant contends that the lesser included offense should have been charged because there was a question as to the identity of the perpetrator of the robbery, but no question that the defendant was in possession of the stolen items.[4] Thus,

---

[4] In the defendant's request for the lesser included offense charge, he did not raise any contention as to the use of a knife in the course of the offense.

the defendant claims that there was a sufficient dispute to permit the jury to find the defendant not guilty of robbery but guilty of larceny. We reject this contention.

In effect, "[t]he defendant's request was for a charge concerning his culpability for a separate and distinct crime, that is, a charge as to an alternate offense, not a lesser included offense." *State* v. *Vitale*, 197 Conn. 396, 408, 497 A.2d 956 (1985). The defendant was not charged with wrongfully taking, obtaining or withholding property of the victim fifteen minutes after the alleged robbery. See General Statutes § 53a-119. The defendant was charged with the commission of a robbery during an interaction with the victim. Larceny, to be a lesser included offense of this robbery, would have to have occurred during such interaction. "[W]e have never abandoned the general rule that one crime is not a lesser included offense of another if the greater can be committed without a simultaneous commission of the lesser." *State* v. *Barletta*, 238 Conn. 313, 335, 680 A.2d 1284 (1996).

Because the defendant failed to meet the fourth prong of the *Whistnant* test, he was not entitled to a jury instruction on larceny in the sixth degree as a lesser included offense of robbery in the first degree.

The judgment is affirmed.

In this opinion the other judges concurred.

---

Moreover, at trial, no evidence was presented contradicting the victim's claim that the offense was committed with the use or threatened use of a knife. The defendant's argument in this case therefore resembles the argument rejected by the Connecticut Supreme Court in *State v. Tinsley*, supra, 181 Conn. 399. In *Tinsley*, the defendant relied upon "evidence elicited upon cross-examination to show that [the victim] had misidentified the culprit, not that the culprit took [the victim's] money but without force or threat of immediate force." Id. In the case at hand, the defendant argued that "the element [at] issue here—we're not claiming it's the knife for purposes of this lesser included offense request, rather [whether] he was the perpetrator of the robbery itself."