## STATE OF CONNECTICUT *v.* JOHN PRESTON
### (AC 15834)

Foti, Lavery and Heiman, Js.

Argued June 2—officially released September 23, 1997

*Michael P. Iacurci*, and *Curtis L. Schrandt*, certified legal interns, with whom was *Susan Hankins*, assistant public defender, for the appellant (defendant).

*Susann E. Gill,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *John F. Blawie,* assistant state's attorney, for the appellee (state).

*Opinion*

FOTI, J. The defendant, John Preston, appeals from the judgment, rendered after a jury trial, convicting him of robbery in the third degree in violation of General Statutes § 53a-136.[1] On appeal, he claims that the trial court improperly (1) failed to instruct the jury on the lesser included offense of larceny in the sixth degree, (2) admitted the codefendant's statement to police as a prior consistent statement, and (3) refused to give a *Secondino*[2] charge to the jury. We reverse the judgment of the trial court.

The jury reasonably could have found the following facts. On March 19, 1994, the defendant entered Milk Plus, a convenience store in Fairfield. He tucked six or eight packs of cigarettes in his shirt. The cashier, Karem Shaham, was alerted to the defendant's conduct by a customer, Arlene Wall, and observed the defendant's actions. The defendant went to the cash register and placed three or four packs of cigarettes on the counter. When Shaham asked the defendant if he had enough money to pay for everything, the defendant replied that he had $30. Shaham asked him if he had anything in his shirt. As the defendant pulled out his shirt, Shaham

---

[1] General Statutes § 53a-136 provides in relevant part: "(a) A person is guilty of robbery in the third degree when he commits robbery as defined in section 53a-133. . . ."

General Statutes § 53a-133 provides: "A person commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of: (1) Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or (2) compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the larceny."

[2] *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672, 164 A.2d 598 (1960).

could see more packs of cigarettes in his shirt. The defendant then attempted to leave the store, but Shaham jumped over the counter and tried to stop him from leaving. Shaham ripped open the defendant's shirt and several packs of cigarettes fell onto the floor. He also grabbed one of three bottles of liquor that the defendant had stuffed in his pants and put it on the counter.

The struggle between Shaham and the defendant continued in the parking lot. The two men pushed and struck each other. At one point, the defendant held a bottle over Shaham's head threatening to strike him. The defendant then ran to a car waiting in the parking lot. As he attempted to enter the car, Shaham again tried to prevent his escape. The driver of the car, however, pointed a pistol at Shaham and Shaham backed away.

Shaham then went into the store next to Milk Plus, Grasmere Liquor Store.[3] Shaham returned the bottle of liquor that he had removed from the defendant, and the liquor store clerk noticed that two other bottles of liquor were missing.

The police investigated the incident. Shaham gave them the license plate number of the vehicle, which was found later that day and towed away. The registered owner of the vehicle, William Revis, telephoned the police to inquire about his missing car and was informed that his vehicle had been involved in a crime. Revis told the police that it was the defendant who had entered the stores. He denied that he had threatened Shaham with a pistol or that he was involved in the crime in any manner other than driving the defendant to Fairfield.

The defendant claimed that he was not the individual who committed the crime. Shaham identified the defendant, through a composite picture and photographic

---

[3] Shaham's father owned both Milk Plus and Grasmere Liquor Store.

array, as the perpetrator. The defendant was charged with robbery in the first degree. He was convicted of the lesser included offense of robbery in the third degree and sentenced to five years incarceration. This appeal followed.

I

The defendant claims that the trial court improperly failed to instruct the jury on larceny in the sixth degree as a lesser offense included in the charged offense of robbery in the first degree.

In determining whether the trial court was required to charge the jury on a lesser included offense, the reviewing court must apply the four-pronged test in *State* v. *Whistnant*, 179 Conn. 576, 588, 427 A.2d 414 (1980). "A defendant is entitled to an instruction on a lesser included offense if, and only if, the following conditions are met: (1) an appropriate instruction is requested by either the state or the defendant; (2) it is not possible to commit the greater offense, in the manner described in the information or bill of particulars, without having first committed the lesser; (3) there is some evidence, introduced by either the state or the defendant, or by a combination of their proofs, which justifies conviction of the lesser offense; and (4) the proof on the element or elements which differentiate the lesser offense from the offense charged is sufficiently in dispute to permit the jury consistently to find the defendant innocent of the greater offense but guilty of the lesser." Id. "In considering whether the defendant has satisfied the requirements set forth in *State* v. *Whistnant*, [supra, 588], we view the evidence in the light most favorable to the defendant's request for a charge on the lesser included offense. . . . On appeal, an appellate court must reverse a trial court's failure to give the requested instruction if we cannot as a matter of law exclude [the] possibility that the defendant is

guilty only of the lesser offense." (Citations omitted; internal quotation marks omitted.) *State* v. *Collins*, 45 Conn. App. 6, 9–10, 692 A.2d 865 (1997).

The state claims that the defendant has not satisfied the first prong of the *Whistnant* analysis because he failed to submit an appropriate request to charge. The state argues that the defendant's request to charge failed to provide the essential facts justifying this request and also that the defendant did not cite to any authority for the charge except for the statutory provision defining larceny in the sixth degree. General Statutes § 53a-125b.[4]

The trial court determined that the evidence did not justify a lesser included offense instruction and, therefore, rejected the defendant's request for such an instruction under the third and fourth prongs of *Whistnant*.[5] We have previously refused to consider a claim

[4] General Statutes § 53a-125b provides in relevant part: "(a) A person is guilty of larceny in the sixth degree when he commits larceny as defined in section 53a-119 and the value of the property or service is two hundred fifty dollars or less. . . ."

General Statutes § 53a-119 provides in relevant part: "A person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner. . . ."

[5] In his written request to charge, the defendant requested an instruction on the lesser included offense of larceny in the sixth degree because "[t]he jury may find that no force was used and that no robbery took place, but that items valued less than $100 were taken."

The colloquy between the court and defense counsel also set out the essential facts that counsel claimed justified the lesser included offense instruction. The following discussion occurred:

"The Court: What did you want, larceny six?

"Defense Counsel: Yes, Your Honor.

"The Court: Why is that I wonder?

"Defense Counsel: The value of the merchandise. If the jury felt there was a crime here, simple shoplifting—

"The Court: I don't have evidence of that, do you?

"Defense Counsel: If the jury finds that—that there was no force used to take merchandise, but that the force used was just to escape and, in fact, there was nothing taken, then they could find easily a simple shoplifting.

that the request did not comply with the first prong when the state failed to raise the argument at trial. See *State* v. *Smith*, 35 Conn. App. 51, 60 n.5, 644 A.2d 923 (1994). Nevertheless, we conclude that the defendant's written request to charge and the colloquy between the court and defense counsel complied with the first prong of *Whistnant* and sufficiently alerted the trial court of the basis for the request.

The state also contends that the defendant failed to satisfy the third and fourth prongs of the *Whistnant* analysis because there was not sufficient evidence introduced to justify instruction on the lesser included offense.

We find that there was evidence introduced that the defendant was merely shoplifting. Witnesses testified that the defendant had concealed cigarettes from Milk Plus in his shirt and bottles of liquor from Grasmere Liquor Store in his pants.[6] The defendant claims that the jury reasonably could have found that the defendant did not use force in committing the theft. It can be argued that the jury could have found that any force used by the defendant was to protect himself from Shaham or that the defendant used force only outside the store, and not in committing the theft.

"The Court: I don't think so, not under the facts of this case.

"Defense Counsel: There is a lot of doubt—

"The Court: There's no doubt, whatsoever, about the state's case. It's a robbery, pure and simple; started out as a shoplifting and went sour once they got into an altercation. Did he leave with the product? Yes, he did.

"Defense Counsel: He left with two bottles, unaccounted for, if they find that is true.

"The Court: There is no evidence to the contrary. There has to be evidence of that in the case and there isn't any. I couldn't justify—sit here and tell this jury they could determine this was simply a shoplifting case. If that's all we're here for, we look foolish."

[6] Wall testified that she saw the defendant stuffing packs of cigarettes into his shirt. The clerk from the liquor store testified that the bottles of liquor were missing from the store. Shaham testified to seeing both the cigarettes and the liquor bottles.

Nevertheless, the state claims that the defendant did not place the matter "sufficiently in dispute" to satisfy the fourth prong of *Whistnant*. It argues that there was no dispute as to the fact that force was used in the commission of the theft.

"Evidence is sufficiently in dispute where it is of such a factual quality that would permit the finder of fact reasonably to find the defendant guilty on the lesser included offense. This requirement serves to prevent a jury from capriciously convicting on the lesser included offense when the evidence requires either conviction on the greater offense or acquittal." (Internal quotation marks omitted.) *State* v. *Collins*, supra, 45 Conn. App. 10. The element differentiating robbery from larceny is the use or threatened immediate use of physical force. Id.

Although the defendant testified that he was not the perpetrator of the crime,[7] there was testimony addressing the issue of whether force was used in the theft. In cross-examining Shaham, the defendant addressed the issue by asking him if the defendant had struck him. Shaham responded, "The man did strike me, outside. He did push me and strike me outside. As well as, I did strike him and I did push him." Shaham also testified that the defendant raised a bottle over his head. That threatening gesture, however, came subsequent to Shaham's striking the defendant in the parking lot, and, arguably, as a defensive maneuver. In addition, Wall testified that she saw Shaham grab the defendant and that she thought the defendant pushed Shaham away. Revis testified that he saw the defendant and Shaham struggling in the parking lot. He also testified he did not have a gun and, therefore, did not threaten Shaham with the use of force.[8]

---

[7] An alternate or inconsistent theory of defense is permissible. See *State* v. *Harris*, 189 Conn. 268, 273, 455 A.2d 342 (1983).

[8] This testimony contradicted the state's version of the crime. The defendant would be liable for the actions of an accomplice or coconspirator.

"[T]he jury's role as fact-finder is so central to our jurisprudence that, in close cases, the trial court should generally opt in favor of giving an instruction on a lesser included offense, if it is requested. . . . Otherwise the defendant would lose the right to have the jury pass upon every factual issue fairly presented by the evidence." (Internal quotation marks omitted.) *State* v. *Smith,* supra, 35 Conn. App. 60. We conclude that the issue of force was sufficiently in dispute to require the trial court to instruct on the lesser included offense of larceny in the sixth degree. Although we reverse the judgment on this ground, we address the defendant's other claims because they may arise on retrial.

## II

The defendant claims that the trial court improperly admitted Revis' statement to the police as a prior consistent statement. He claims that Revis, his codefendant at trial, had a motive to implicate him even at the time of the earlier statement.

"The trial court has broad discretion in ruling on the admissibility of evidence and only upon a showing of a clear abuse of discretion will this court set aside rulings on evidentiary matters." (Internal quotation marks omitted.) *State* v. *Jones,* 44 Conn. App. 476, 486, 688 A.2d 14 (1997).

Revis gave a statement to the police three days after the incident. Months later, he was arrested and charged with robbery in the first degree, conspiracy to commit robbery, conspiracy to commit larceny and a misdemeanor larceny. Before the defendant's trial, Revis entered into a plea bargain with the state in which the first degree robbery charge was reduced to robbery in the second degree and the other charges were not

See General Statutes § 53a-8; *State* v. *Walton,* 227 Conn. 32, 44, 630 A.2d 990 (1993).

prosecuted. In cross-examining Revis, the defendant impeached Revis' testimony on the basis of the plea bargain, demonstrating Revis' interest in testifying for the state in order to receive favorable treatment.

On redirect examination, the state sought to corroborate Revis' testimony by introducing his written statement to the police. The court ruled the evidence admissible, but cautioned the jury, at the time of the testimony and again in its final instructions, that the jury should scrutinize his testimony carefully because he was an accomplice and may have been influenced by his self-interests.[9] In its charge, the court also informed the jury that Revis' statement was offered not for the truth of the matters contained therein, but solely to rehabilitate the witness following his impeachment on the issue of bias or motive.[10]

---

[9] The court gave the following instruction as part of its final instructions: "On the Revis—Revis' testimony, is that of an accomplice. If you believe his conduct in this case, whoever he was, he was an accomplice to that and as such in weighing the testimony of such a person who is a self-confessed criminal you should consider that fact. It may be you would not believe a person who has committed a crime as readily as you would believe a person of good character.

"In weighing the testimony of an accomplice who not yet has been sentenced or whose case has not yet been disposed of or he's been charged and he's pleaded, you should keep in mind that he may in his own mind be looking for some favorable treatment or disposition in his own case. Therefore, he may have such an interest in the outcome of this case, his testimony may have been colored by the fact. You must look with particular care at the testimony of an accomplice. Scrutinize it carefully before you accept it."

[10] The court specifically addressed Revis' previous statement: "[Y]ou have a piece of evidence in there with you, the statement of Revis offered and I cautioned you at that time and told you the purpose of it. It is a prior consistent statement offered by the state only—only admissible and usually not admissible—only admissible when there is an attack upon the witness who does testify and there is an attempt to impeach him showing that he is motivated for some other reason.

"And, in this case, he gave a statement implicating the accused in the offense and that during the pendency of his case there [were] questions put to the witness about what was going to happen to him and he conceded that he has pleaded guilty and expects ten years suspended after five and that his probationary term, whatever he had there, will be terminated when

In *State* v. *Dolphin*, 178 Conn. 564, 570–71, 424 A.2d 266 (1979), our Supreme Court recognized that a prior consistent statement may be offered to rebut a suggestion that a witness' testimony was influenced by bias, interest or motive. The fact that Revis may have been acting in his own self-interest at the time of the first statement to the police does not defeat the statement's admissibility. The jury is free to weigh the credibility of a witness whose self-interest may motivate him to be less credible. See *State* v. *Cooke*, 42 Conn. App. 790, 796, 682 A.2d 513 (1996). We conclude that the trial court did not abuse its discretion by admitting Revis' prior statement.

## III

The defendant claims that the trial court improperly failed to instruct the jury pursuant to *Secondino* v. *New Haven Gas Co.*, 147 Conn. 672, 165 A.2d 598 (1960). He contends that Patricia Moriarty, who was in Milk Plus during part of the incident, was both available and a party the state would naturally produce if her expected testimony would be favorable.

The failure of a party to produce a witness who is within his power to produce and who would naturally have been produced by him permits the inference that the evidence of the witness would be unfavorable to the party's cause. Id., 675. Nevertheless, "[a] prospective

he is sentenced in this court. And, that such would be motivation for having given the defendant over to be the person involved in this offense with him.

"I bring your attention to his statement, and is offered not for truth of the matters contained therein, but offered to show he had given a statement at a much earlier time and the word some used guardedly, in the context of this case earlier than anytime where he received what he perceived to be or someone—you may perceive as a favorable disposition for his conduct in this case. It is just offered as a prior consistent statement that he had given earlier. Such a witness may be rehabilitated and supported by showing he previously made a statement which is consistent with the present testimony in court."

witness whose testimony would be comparatively unimportant, cumulative or inferior to what has been offered, should be dispensed with on the grounds of expense and inconvenience, without the need for an adverse inference charge." *State* v. *Williams*, 20 Conn. App. 263, 266, 565 A.2d 1365 (1989). The state presented the testimony of two eyewitnesses who were in Milk Plus at the time of the incident, Shaham and Wall. Moriarty's statement to the police was introduced during cross-examination of a police detective by the defendant. The state may have deemed her presence at trial unnecessary, and no evidence was introduced as to her availability. Moreover, the defendant was free to call Moriarty as a witness. We conclude, therefore, that the trial court's determination that a *Secondino* charge was unnecessary was not improper.

The judgment is reversed and the case is remanded for a new trial.

In this opinion HEIMAN, J., concurred.

LAVERY, J., dissenting. I disagree with the majority's conclusion that the trial court should have instructed the jury on larceny in the sixth degree. I agree with the trial court's decision not to deliver the charge based on the third and fourth prongs of *Whistnant*.

"A defendant is entitled to an instruction on a lesser offense if, and only if, the following conditions are met: (1) an appropriate instruction is requested by either the state or the defendant; (2) it is not possible to commit the greater offense, in the manner described in the information or bill of particulars, without having first committed the lesser; (3) there is some evidence, introduced by either the state or the defendant, or by a combination of their proofs, which justifies conviction of the lesser offense; and (4) the proof on the element or elements which differentiate the lesser offense from the offense charged is sufficiently in dispute to permit

the jury consistently to find the defendant innocent of the greater offense but guilty of the lesser." *State* v. *Whistnant*, 179 Conn. 576, 588, 427 A.2d 414 (1980).

Our Supreme Court has determined "that in order to meet the third prong of the *Whistnant* test, there must be sufficient evidence, introduced by either the state or the defendant, or by a combination of their proofs, to justify a finding of guilt of the lesser offense." *State* v. *Rasmussen*, 225 Conn. 55, 67–68, 621 A.2d 728 (1993). Furthermore, our Supreme Court has rejected the contention "that the presentation of an abstract theory in a request to charge or the mere introduction of some evidence satisfies the third condition of *Whistnant.*" Id., 67.

It is well established that the element differentiating robbery from larceny is the use or threatened immediate use of physical force. *State* v. *Collins*, 45 Conn. App. 6, 10, 692 A.2d 865 (1997). The record is replete with evidence that the defendant used force in the commission of this offense and there is no testimony by any witness that the defendant did not use force. There was testimony from two eyewitnesses that the defendant and Karem Shaham fought when Shaham tried to prevent the defendant from stealing his merchandise. Shaham, himself, testified that the defendant pushed and punched him and threatened to strike him in the head with a liquor bottle. The defendant did not refute this evidence, but instead chose to challenge the identity of the perpetrator.

Furthermore, the defendant's contention that any use of force on his part was merely an attempt to escape rather than to retain the property he had stolen has no basis in the evidence. According to the evidence found in the record, the struggle between Shaham and the defendant began in the store and continued in the parking lot. Shaham testified that the defendant did not want

him to grab the liquor bottle tucked in the defendant's pants, and that the defendant threatened to hit him with the bottle to prevent him from taking it.

Pursuant to the fourth prong of *Whistnant*, the elements differentiating the lesser included offense from the charged offense must be sufficiently in dispute to permit the jury to find the defendant not guilty of the greater offense but guilty of the lesser. *State* v. *Manley*, 195 Conn. 567, 574–75, 489 A.2d 1024 (1985). The defendant may place a matter in dispute either through cross-examination or through evidence presented as part of his case. Id., 578.

I agree with the trial court's conclusion that there was no actual dispute over whether force was used in the commission of this theft. The defendant's testimony did not conflict with the state's witnesses. Moreover, the defendant did not place the element of force in dispute through the cross-examination of the state's witnesses. Although Arlene Wall, who was in the store during the incident, testified that she did not see what occurred outside the store, her inability to observe the violent exchange between Shaham and the defendant did not put this element in dispute. Furthermore, Wall did testify that she observed Shaham and the defendant exchanging words and saw the defendant push Shaham away when they were all inside the store. William Revis' testimony was also corroborative of Shaham's version of events.

Our Supreme Court has held that "the trial court, in making its determination whether the proof is 'sufficiently in dispute,' while it must carefully assess all the evidence whatever its source, is 'not required to put the case to the jury on a basis [of a lesser included offense] that essentially indulges and even encourages speculations as to [a] bizarre reconstruction [of the evidence].' *United States* v. *Sinclair*, 444 F.2d 888, 890

(D.C. Cir. 1971)." *State* v. *Manley*, supra, 195 Conn. 579–80.

Therefore, I respectfully dissent from the majority opinion because the defendant failed to sustain his burden of meeting the third and fourth prongs of *Whistnant*.

I would affirm the judgment of the trial court.